ANNA RADL v. MICHAEL M. RADL.

April 27, 1898.

Nos. 10,969—(55).

**Husband and Wife—G. S. 1894, § 4470—Testamentary Disposition of Homestead—Assent of Survivor Can Be Given after Testator's Death.**

The assent in writing, required under the provisions of G. S. 1894, § 4470, of the surviving husband or wife, to a testamentary disposition, at least of a testator leaving surviving children, may be executed and given after the decease of such testator.

**Same—G. S. 1894, § 4472—Refusal to Accept Provisions of Will—Application to Devise of Homestead.**

Sections 4470–4472, enacted at the same time in relation to the same subject-matter, are to be construed together. *Held*, that the provisions of section 4472, relating to the survivor renouncing and refusing to accept the terms and conditions of a will within six months after the probate thereof, apply to a testamentary disposition of the homestead of a parent, as well as to a like disposition of the land mentioned in section 4471.

Appeal by defendant from an order of the district court for Brown county, Webber, J., denying his motion for a new trial. Reversed.

*Somerville & Olsen*, for appellant.

Washburn v. Van Steenwyk, 32 Minn. 336; Meech v. Estate of Meech, 37 Vt. 414; Gray v. McCune, 23 Pa. St. 447; Taylor v. Loller (Ky.) 3 S. W. 165; In re Gunyon's Estate (Wis.) 55 N. W. 152; Fosher v. Guilliams, 120 Ind. 172; Chamberlain v. Chamberlain, 43 N. Y. 424, were cited.

*John Lind* and *Joseph A. Eckstein*, for respondent.

The question in this case is whether the homestead, as defined by statute, not having been disposed of by the concurrent action of husband and wife, is a fixed statutory estate which descends to the children upon the death of the parent, subject only to the life estate of the surviving parent; or whether it is a conditional estate liable to be transmitted as the whim or interest of the surviving spouse

shall dictate. The argument of appellant is based upon the assumed analogy between the statutory estate in lieu of dower and the statutory estate of homestead. If the analogy does not exist, appellant's argument fails.

Legislation in Minnesota relative to the homestead has advanced step by step. Its present scope was established by the Probate Code of 1889. This enactment goes a step in advance of former legislation on the subject in any state. It not only protects the possession and occupancy of the owner in his lifetime, but it gives to the surviving spouse an estate for life and to the children an estate in fee. It shows the intention of the legislature that the family home shall be inviolate for at least two generations. This is but a reassertion of the Anglo-Saxon instinct for the protection of the home and its perpetuation in the family, which, in an earlier age, found expression in primogeniture and entails. Under the old law the homestead was a temporary provision for the owner and his spouse during their lives and during the minority of their children. Under the present law it is an absolute provision for the family—parents and children—during all stages. Under the old law the fee went to satisfy the demands of creditors of the owner, if required, subject to the life estate of the surviving spouse. Under the present law the fee goes to the children free from such claims.

Any alienation by the owner of the homestead, unless concurred in by the spouse, is void. G. S. 1894, § 5522; Law v. Burton, 44 Minn. 482. Such an attempted conveyance of the homestead being absolutely void, a subsequent assent by the spouse in any form to such conveyance would not give it validity, except perhaps where circumstances might create an estoppel. From this it follows that the homestead can be disposed of only by the concurrent act of both husband and wife during their lifetime.

There is no provision in the probate code for the execution of the assent mentioned in G. S. 1894, § 4470, after the death of the owner of the homestead. This is conclusive that the legislature intended that such consent should be given in the lifetime of the owner. Section 4472 provides that the survivor may renounce the will, if dissatisfied with its provisions. But if satisfied with the will, no

act whatsoever is required of the survivor. In other words, non-action under the provisions of section 4472 is an election to take under the will. If appellant's argument is sound, a surviving spouse, in a case where the will disposes of the homestead, devests the children of deceased of their fee in the homestead without doing any affirmative act whatever. How does this harmonize with the language of section 4470, which provides that the fee in the homestead shall descend to the children free from any disposition to which the surviving spouse shall not have assented in writing?

COLLINS, J.

Action in ejectment, the facts being stipulated. By his last will and testament, one Xaver Radl devised his statutory homestead to the defendant, his son, and upon his decease said will was duly filed for probate in the probate court. It was duly allowed November 26, 1894, and on the same day this plaintiff, the widow of the deceased, for whom other provision had been made by the terms of the will, duly executed, acknowledged and caused to be filed in said court an instrument under seal, by and in which she assented to all of the provisions and conditions of the will, and waived and relinquished all claims upon, or rights in, the property or estate of the deceased, except such as had been devised to her.

To determine the case, we are required to construe a portion of the Probate Code, and especially that part of G. S. 1894, § 4470, which provides for the descent of the statutory homestead of a deceased person free from all testamentary disposition, "to which the surviving husband or wife shall not have assented in writing." It is the contention of counsel for the plaintiff that the clause in section 4470 above quoted implies that the assent of the survivor must be given before the decease of the testator in order to become effective, and that under it such assent cannot be made operative, nor can the survivor accept the provisions of the will as to the homestead of the testator by any instrument executed after his decease. The court below construed the statute in accordance with this contention, but we cannot concede this to be the proper construction.

The section from which we have quoted (4470) must be inter-

preted in the light of the common law as it existed prior to the enactment of any statute upon the subject and in connection with two sections (4471, 4472) immediately following. These sections were enacted with 4470, as part of the same Probate Code, treat of the same subject-matter, and therefore all three must be examined together when attempting to ascertain the legislative intent.

At common law the wife was entitled to dower upon the death of her husband, and if he died testate she could elect between the provisions of the will and her dower rights, relinquishing the latter if she chose. It was not required of the wife that she elect during the lifetime of her husband, and we fail to find anything in section 4470, or in any of the earlier statutes upon this subject, which indicates an intent upon the part of the legislature radically to change the common law as to the time the wife shall exercise her choice between her statutory rights and a testamentary disposition of real property. Such intent is not denoted by the construction of the clause nor by the language used. This language, in substance, was first introduced into our statute by Laws 1875, c. 40, an act abolishing estates in dower and by the curtesy, as section 3, and it then applied to lands other than the homestead, the latter being provided for in section 2. Section 3 has been in force since its enactment, and is now section 4471, supra, and the clauses in question must necessarily be given the same construction in both sections.

Therefore, if the assent to a testamentary disposition of the homestead must be given prior to the death of the testator, it must also be given prior to such death when lands other than the homestead are disposed of by the last will and testament of a married person. We do not believe that such a construction has ever been placed on section 4471. So to construe the clauses now under consideration, being substantially the same, in sections 4470 and 4471, would render section 4472 wholly nugatory; for in terms it provides that when a parent dies testate, having made provision in a will for a surviving husband or wife, in lieu of a statutory right or interest in the estate of the deceased, the survivor must by an instrument in writing, filed in the probate court within six months after the will is proved, renounce and refuse to accept the pro-

visions made in the will, or such survivor shall be deemed to have elected to take under and in accordance with the terms and conditions of the same. This clearly and conclusively indicates that the right to elect to assent or dissent is given for a period of six months after a will is proven, when children survive the testator. Of course, no good reason can be urged why there should be a difference between cases where there are children and where there are not, except that it is proper, and perhaps essential, that a reasonable period of time should be fixed for the exercise of the right of election, where the interests of children are to be determined in the probate court.

We are satisfied, when considering the provisions of these three sections, that the assent of the surviving husband or wife—the election between the provisions of the will and the statutory rights —may be given and had after the decease of the testator, and that the terms of section 4472 apply to a testamentary disposition of the homestead as well as of other lands. The essential things are: First, a testamentary disposition of the homestead; and, second, an assent to such disposition in writing by the survivor, or a failure to renounce within six months after probate of the will. And nowhere in the statute is it required that this assent be manifested during the lifetime of the testator.

This construction is also one which will the more effectually carry out the purpose of the legislature, which was to protect the survivor, for it gives to him or to her an opportunity to elect or choose to better advantage. If compelled to elect between the will and the statutory rights or interests, during the lifetime of the testator, the choice or election must be made with reference to the then existing condition of the testator's property. The assent is to be given or refused with the knowledge of what then appears for the best, and it also, especially in the case of a wife, may be largely influenced by the wishes or demands of the testator. It may not be the free and untrammeled act of the person who assents to a testamentary disposition of the homestead or other real estate. But, if the choice is once made, the assent given and statutory rights relinquished, the act cannot be rescinded, no matter what may thereafter occur to make it desirable.

For illustration, is it not a matter of common observation that within a few years, during the period of financial embarrassments and great losses, vast estates have been swept away in business ventures, and wealthy men very much reduced in circumstances? During the prosperous years estates seemed large, and many a wife would readily have assented to a testamentary disposition of the homestead, depending upon other provisions made for her in lieu thereof and out of other property, which in case of financial difficulty would have to be used in payment of debts. If compelled to accept the conditions of a last will and testament while the husband was living, many a wife would upon the settlement of his estate find that she had made a great mistake. If, upon the other hand, she is free to act when the will is offered for probate, to renounce or to accept, she can act advisedly and without restraint, at a time when the exact condition of the estate can be easily and definitely ascertained, and when the survivor can best determine what is for his or her best interest. If for no other reason, sound policy seems to demand the adoption of our views upon this question.

Counsel for plaintiff urge that under our construction of the statute it is optional with the survivor to deprive the children, if any there are, of their remainder in the homestead; but the option exists no matter how the statute is construed, and the only question is as to when it shall be exercised, before or after the testator's death. The time of the performance of the act is of no consequence to children, for it is the act itself which affects them. The plaintiff was not entitled to possession of the real property in litigation. She not only omitted to renounce and refuse to accept under the will, but in writing, under seal, duly acknowledged and filed in the probate court on the day the will was proved and allowed, she absolutely and unqualifiedly assented to the testamentary disposition of the homestead, and accepted the provisions made in the will for her benefit, in lieu of the statutory rights and interests.

Order reversed.