*MARY A. TRACY v. MINERVA TRACY.

April 26, 1900.

Nos. 11,948—(55).

### Homestead—Descent to Widow without Child.

If there be no child, nor lawful issue of a deceased child, living, the statutory homestead of a deceased person descends, under the laws of this state (G. S. 1894, §§ 4469, 4470), to a surviving husband or wife, free from any testamentary devise or other disposition to which such survivor shall not have assented in writing, and free from all debts or claims upon the estate.

### G. S. 1894, § 4472, Applies Only to Parent Testator.

The requirements of section 4472, as to making and filing a written instrument by a surviving husband or wife, in case such survivor elects to renounce and to refuse to accept the provisions made in a will, are not applicable in a case where there is no child, nor the issue of a deceased child, surviving the testator. That section is applicable in cases of parent testators only.

### Will without Assent of Wife—Election to Renounce—Reasonable Time.

In the case at bar the testator was a married man, but his wife has never assented in writing to the testamentary devise. He died childless. Nor did lawful issue of a deceased child survive him. Whether the widow was bound to elect within a reasonable time, as between the

statutory provisions and those made for her in the will, is not decided, but it is *held* that, in any event, there was no improper delay on her part in making an election.

## Waiver.

It is also *held* that, prior to making such election, the widow did not in any manner waive or abandon her right to take under the statute instead of under the will.

## Appeal from Probate Court—Judgment.

Certain other points in the case disposed of.

From an order of the probate court of Wright county setting apart to Minerva Tracy, widow of James Tracy, deceased, a portion of the real estate of decedent as a homestead, Mary A. Tracy, the mother of decedent and the proponent of his will, appealed to the district court for said county. In the district court the appeal was heard before Tarbox, J., who found in favor of the widow. From an order denying a motion for a new trial, Giddings, J., the proponent appealed to the supreme court. Affirmed.

*Charles P. Barker*, for appellant.

*C. A. Pidgeon* and *E. S. Oakley*, for respondent.

COLLINS, J.

Minerva Tracy, respondent, is the widow of James Tracy, who died testate and childless, April 29, 1896. Nor did there survive him issue of a deceased child. At the time of his death and for some years prior his residence was upon a farm of 160 acres, the tract of land involved in Towle v. Sherer, 70 Minn. 312, 75 N. W. 180, an action to establish a lost deed, from which it will be seen that, although the record title to the land was in Sherer, who was a brother-in-law of Tracy, the actual title was in the latter, and this was the final judgment of the court, as entered in December, 1897. Tracy's last will and testament was made but a few weeks before his decease, and this respondent never assented to it in writing. No property was particularly described in this instrument, but in general terms one-half of the estate was devised to the wife, while the testator's mother was given a life interest in the other one-half, with remainder over to a married sister. When the will was presented to the probate court, the widow filed writ-

ten objections to its allowance; the gist of these objections being that the instrument presented was not the duly or lawfully executed last will and testament of the deceased. The court found against the objection, and from an order admitting the will to probate, and appointing an administrator with the will annexed, the widow appealed in July, 1896. By her consent the order appealed from was affirmed by the district court in March, 1897.

In December of that year the widow filed in the probate court written notice that she renounced the will and refused to accept any of its provisions; and, instead, that she elected to take under the statute in such cases made and provided. The litigation with Sherer had at this time been terminated, and judgment had been entered in favor of the plaintiffs; thus establishing the contention that Tracy was the owner of the 160 acres when he died. Simultaneously with this notice the widow petitioned the probate court to set apart, as having descended to her under the statute, Tracy's homestead of 80 acres, the east half of the 160 acres. To this the proponent of the will objected, upon the ground that the widow had not elected to renounce the same within six months after it was allowed in the probate court. The court last mentioned disregarded this objection, and made its order setting apart to the widow, as the homestead of the deceased, the 80 acres in question, and from that order an appeal was taken to the district court.

1. Tracy died testate, but at no time did the respondent assent in writing to any testamentary disposition of his property. She knew nothing of the will, and did not expressly bind herself to its terms. He also died childless, and there did not survive him lawful issue of a deceased child. Under the provisions of the law of this state, the statutory homestead of 80 acres descended to the widow, free from all debts or claims upon the estate. G. S. 1894, §§ 4469, 4470. It is hers, unless in some manner she has waived or abandoned her rights.

2. But counsel for the proponent argues that the widow has waived or abandoned her right to this homestead, because she failed to file, within the statutory period of six months after the will was probated, a written renunciation and a refusal to accept the provisions therein contained. In other words, that she was

bound by the terms of section 4472 to the same extent as if Tracy had left a child, or the lawful issue of a deceased child, surviving him.

We had occasion to discuss this section in Radl v. Radl, 72 Minn. 81, 75 N. W. 111, and, calling attention to the phrase, "when a parent dies testate," stated that the language used clearly indicated "that the right to elect to assent or dissent is given for a period of six months after a will is proven, when children survive the testator." A reason why a statutory distinction had been made between a testator with children and one without was also suggested. See also Jones v. Jones, 75 Minn. 53, 77 N. W. 551. But we need not seek for reasons which influenced the legislators to confine the operation of section 4472 to parents dying testate, instead of including all persons thus dying. The statute in question is so written, and it does not apply to a testator who has deceased childless. Nor are we called upon in this case to hold that it was incumbent upon the widow to act affirmatively,—that is, to renounce the provisions of the will within a reasonable time after the will was probated; for she filed the notice referred to immediately upon the filing of the mandate of this court in the action with Sherer, who had been asserting title to the whole 160 acres. If she was bound to exercise her right to renounce within a reasonable time, it cannot be claimed that there was an improper delay in so doing.

3. Certain steps taken in the probate proceedings by the widow are relied upon by counsel as clearly and conclusively showing an election upon her part to accept the provisions of the will, and it is contended, because of these steps, that the notice that she renounced the same came too late. It is argued in support of this contention that she "proceeded systematically to recover the title to the alleged homestead at the expense of the estate, and then procured its redemption from the mortgage at the expense of the estate, over a year after the will was probated, representing under oath that it belonged to the estate."

This reference to a recovery of the title to the homestead has, we suspect, reference to the Sherer litigation, while it is fairly to be inferred that what was said concerning a mortgage redemption

bears upon the foreclosure of a mortgage upon the same 160 acres, mentioned in a petition, which she filed pending her appeal from the allowance of the will, asking that redemption be made by the administrator from a foreclosure sale. But, so far as the record shows, not a dollar of money belonging to the estate was expended in the Sherer litigation, nor does it appear from this record that the administrator used any funds of the estate for making a redemption from the alleged sale. These things are simply asserted in the appellant's brief. But the contention of counsel would not be supported if all that is charged had been properly shown.

We have not, thus far, referred to the fact that the order admitting the will to probate, from which the widow appealed, was affirmed, with her consent, in the district court before she filed the notice. Such consent in no manner affected her right to elect as between the statutory provisions and those contained in the will. If Tracy had died intestate, the whole of his estate would have descended to her, under the terms of section 4471, subd. 2. She had a substantial right to protect when she contended that her husband had not duly and legally executed a last will and testament, and when she consented to an affirmance of the order appealed from she merely relinquished the contest; nothing more.

4. From what has been said, it clearly appears that the respondent did not waive or abandon her right to renounce the will, and to refuse to accept its provisions in lieu of the statutory provisions.

5. The point is made that there was no evidence from which the court could find that the 80 acres in question was Tracy's homestead. The petition on which the court acted asserted that it was, and all parties seem to have assumed that this was the fact. It is obvious that this claim is an afterthought, and without merit.

6. It is also urged that the district court was without power, on an appeal from the order in question, to direct that judgment be entered setting apart the 80 acres in fee simple to the respondent. The appeal was probably taken under section 4665, subd. 7, the order being treated by appellant's counsel precisely as if its contents had been made a part of the final decree in the matter of the estate. The legal effect of the order was to set apart and award to the widow the homestead, free and clear of all claims against

the estate; and this was the legal effect of the conclusion of law complained of. Using different language, the district court did nothing more than to sustain the order appealed from on its merits; and, under the provisions of section 4675, judgment is to be entered affirming the decision of the probate court, with costs.

Order affirmed.