## JOHN M. CASEY v. CATHERINE BRABEC.[1]

### May 13, 1910.

### Nos. 16,484—(40).

**Bequest void for uncertainty.**

A provision in a will bequeathing a sum of money to the executors "to use as they see proper" is void for uncertainty.

**Decree of distribution — who can object.**

Only a party aggrieved by it can question a specific provision of a decree of distribution entered in probate court.

**Affirmance by district court — costs.**

Upon affirmance by the district court of such decree, respondent is entitled to costs. R. L. 1905, § 3880.

Appeal by John M. Casey, the executor of the estate of John

[1]Reported in 126 N. W. 401.

Casey, deceased, from a judgment of the district court for Wright
county, entered pursuant to the order of Giddings, J., affirming the
decree of the probate court of that county disallowing him the sum
of $50 as attorney's fee and holding void a bequest of $400 "for my
executors to use as they see proper." Affirmed.

*John M. Casey,* pro se.

*J. T. Alley,* for respondent.

O'BRIEN, J.

The will of John Casey, deceased, was duly probated in Wright
county. The estate consisted principally of real property, all of
which was specifically bequeathed to one or other of testator's chil-
dren, consisting of a son and two daughters. The bequests to the
daughters were made upon the condition that each would keep two
of the children of a deceased daughter of the testator "until such
time as they are able to provide for themselves, or until their father
will come and claim them." By a codicil the real estate bequeathed
to one of the daughters was charged with a bequest of $500 to one of
the grandchildren above mentioned. There was also bequeathed
$400 to the executors "to use as they see proper."

The will was admitted to probate July 25, 1906, and in July,
1908, a citation was issued requiring John M. Casey, who seems to
have been the only active executor, to show cause why the estate
should not be settled. Casey filed an account, in which he asked for
an allowance of $50 to himself as attorney's fee. The court disal-
lowed the claim as attorney's fees, but allowed him $50 as executor.
The provision of the will for the payment of $400 to the executors,
to use as they saw proper, was held void for uncertainty. A decree
was thereupon entered assigning the real estate according to the pro-
visions of the will. The executor appealed from the portions of the
decree disallowing his claim for attorney's fees, and that holding the
$400 bequest void. Judgment was entered in the district court af-
firming the decree, in which judgment there was included $10 statute
costs taxed against the appellant. This appeal is from the judgment
so entered.

We do not consider it necessary to determine whether plaintiff

should have been allowed the sum awarded him in his capacity as executor or as an attorney. There is no contest as to the amount, and that is the final consideration.

It is claimed that the decree fails to give effect to the provisions of the will imposing upon the daughters' of the testator the duty of caring for the grandchildren. We do not think this question is properly before us, for the reason that the appellant is not the aggrieved party, and we cannot undertake upon this appeal to say what effect should be given those provisions, or whether or not they should be considered as specific charges upon the real estate devised to the testator's daughters.

We think the probate court correctly held the legacy of $400 to the executors void for uncertainty. It was evidently intended to constitute a trust fund to be disposed of in the discretion of the executors, or for some undisclosed purpose of the testator. Had the legacy been made to some named individual, to use as he saw proper, it might be argued that the person named took the beneficial interest in the fund. But, being made to the executors, who might or might not be the persons named as such in the will, it is apparent that the sum of $400 was not intended for their use. The purpose of the testator is so indefinite and uncertain that it is impossible for a court to say that it can be ascertained and carried into effect.

Under section 3880, R. L. 1905, costs were properly taxed in the district court. Tracy v. Tracy, 79 Minn. 267, 82 N. W. 635.

Judgment affirmed.