## PIERCE BUTLER AND OTHERS v. MARGARET BUTLER AND OTHERS.[1]

July 27, 1928.

No. 26,655.

**Where appellant is not harmed by order striking out an allegation, the order will not be reversed on appeal.**

The court granted an order striking out an allegation of the answer of one of the defendants to the effect that the decedent under the will of whom the plaintiffs are trustees was a parent leaving a child surviving him. It is *held* that such fact, if relevant, may be proved under the general denial, though the specific allegation is stricken. The defendant appealing is not harmed by the order, and it will not be reversed.

Injunctions, 32 C. J. p. 29 n. 13.
Licenses, 37 C. J. p. 172 n. 64.
Municipal Corporations, 42 C. J. p. 1306 n. 2.

[1]Reported in 221 N. W. 5.

Defendant Walter Butler appealed from an order of the district court for Ramsey county, Boerner, J. striking a portion of his answer. Affirmed.

*Oscar Hallam* and *Norbert Willwerscheid,* for appellant.

*M. J. Doherty, Wilfrid E. Rumble,* and *Charles Bunn,* for respondents.

DIBELL, J.

.Action by the plaintiffs as trustees under the will of John Butler, deceased, praying a decree approving a contract made by them with Margaret Butler, the widow of the deceased. The defendant Walter Butler answered separately and opposed the approval of the contract. In his answer he alleged that the deceased John Butler was a parent having a child living at the time of his death. This allegation was stricken upon the motion of the plaintiffs upon the ground that. it was irrelevant. The defendant Walter Butler appeals from the order striking.

John Butler died September 22, 1926, leaving a will which made provisions for Margaret Butler, his wife, in lieu of the provisions made for her by law. She died on May 6, 1927. The will was admitted to probate on October 26, 1926. The plaintiffs, as trustees, are residuary legatees. On December 6, 1926, they entered into an agreement with the widow in which she accepted the provisions of the will in lieu of the rights given her by statute in consideration of certain property awarded her or disposed of at her direction. By the acceptance of the terms of the will she received substantially less than that allowed her by law. A formal acceptance of the will was executed by Mrs. Butler. It is alleged in the answer that this was a part of the contract and was filed with the probate court about the date of the execution of the contract. The contract stipulated therein that "should this agreement be held not binding upon the trustees as ultimately determined by the proper courts or inoperative to any substantial extent, then Margaret Butler renounces the provisions made for her benefit in said will and elects to take her statutory rights in lieu thereof."

The complaint alleges that Margaret Butler has the right to renounce the provisions made for her in the will and to take in lieu thereof under the provisions of the laws of Minnesota; and that such renunciation will materially reduce the residue of the estate. The answer contains a general denial and among other specific allegations affirmatively alleges "that at the time of his death, John Butler was a parent and left a child him surviving." By G. S. 1923, § 8722, it is provided:

"If the will of a deceased parent makes provision for a surviving spouse in lieu of the rights in his estate secured by statute, unless such survivor, by an instrument in writing filed in the probate court in which such will is proved within six months after the probate thereof, shall renounce and refuse to accept the provisions of such will, such spouse shall be deemed to have elected to take thereunder."

It is the contention of the appellant that if it shall be held that the acceptance or election filed with the probate court is binding, notwithstanding the contract with the trustees, then whether John Butler was a parent is immaterial; but if it is held that the acceptance or election to take under the will is not final but subject to withdrawal on conditions, then it is material whether the deceased was a parent leaving a child surviving. The provision of the statute cited does not apply when the deceased is not a parent. Tracy v. Tracy, 79 Minn. 267, 82 N. W. 635. It is a further claim that the fact is important in the distribution of the estate and in determining the propriety of approving the agreement between the trustees and Mrs. Butler.

The substantial questions of the case are far more important than the minor question whether a part of the pleading should be stricken; and in passing upon that question we say nothing of what may be the controlling questions and confine ourselves to the narrow question of pleading. It is impossible always to determine whether a fact to which a particular allegation is directed is relevant or a conclusion or a statement of an item of evidence. The allegation to which the motion to strike was directed might well enough have

remained in the pleading. We would have left it there. It may seem a bit anomalous to sustain an order striking out an allegation which we deem proper; but it would be profitless to reverse the order and reinstate the allegation when the appellant can prove the fact to which the allegation relates, if it is important, without specially pleading it. And it is not always possible to determine in advance just what a litigant must be prepared to prove or of what he may safely refrain from having proofs at hand. If it becomes important to show the fact the appellant may prove it without a specific allegation. 5 Dunnell, Minn. Dig. (2 ed.) § 7574. In short, with or without the stricken allegation, the pleadings are such that the fact which appellant claims to be important can be proved if it turns out to be so at the trial; and while we would not have disturbed the allegation had it been allowed to remain by the trial court we will not do so useless a thing as reverse the order striking.

Order affirmed.