**In re ESTATE OF Dorothy L. GREEN, Deceased.**

**No. C3–85–108.**

Court of Appeals of Minnesota.

July 16, 1985.

---

Thomas E. Reiersgard, Minneapolis, for Benjamin E. Green.

Lehan J. Ryan, St. Paul, for Public Broadcasting Service.

Heard, considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant Benjamin Green appeals from the trial court's order denying Green's request to elect to take against his deceased wife's Will. The trial court determined that Green had consented to the Will and waived his right to elect to take against it. We affirm.

## FACTS

Benjamin Green and Dorothy Green were married in 1973. At the time of their marriage, Benjamin was about age 78 and Dorothy was about age 68. Benjamin had two children from a previous marriage. Dorothy did not have any children, but she had brothers and sisters, as well as nieces and nephews. Shortly after their marriage, Benjamin and Dorothy both executed Wills which were prepared by an attorney of Benjamin's choosing. Benjamin and Dorothy disposed of most of their assets to their own families. Each left his/her household goods to the other spouse. Benjamin provided Dorothy with some maintenance and Dorothy left her residual estate to Benjamin. Dorothy's Will provides in relevant part:

> We are each disposing of our own assets to our own family. My estate is held in trust accounts for my brothers and sisters and the purpose of this Will is to provide for the disposition of any estate residue or any property not held in trust to which I may in any manner be entitled at the time of my death.

Both Benjamin and Dorothy signed a consent clause in the other spouse's Will. The consent clause in Dorothy's Will provides as follows:

I, BENJAMIN E. GREEN, husband of DOROTHY L. GREEN, who executed the foregoing Will, do hereby declare that I have read over the said Will, and that I understand the terms and provisions thereof, and in consideration of each of us freely having the power to dispose of each of our own individual property free of the claims of each other, I do hereby release and surrender any and all claims I may have against the estate of my said wife, other than is provided for me in the aforesaid Will.

During most of their marriage, Benjamin and Dorothy lived in separate apartments, but they saw each other almost daily and shared meals together.

Dorothy died in 1983 at the age of 78. She was survived by Benjamin, six brothers and sisters, and some nieces and nephews. All of her assets, except the personal property that she devised in her Will to Benjamin, were held in eleven Totten trusts. Dorothy's relatives were the named beneficiaries for eight of the trust accounts, and the respondents in this case—Public Broadcasting Service, KTCA, and the American Humanist Association—were the named beneficiaries for three of them. As of December 31, 1983, the value of the accounts held for respondents was $27,165.23.

Benjamin filed an election against the Will pursuant to Minn.Stat. § 525.214 (1984) and seeks one-half of the funds in the three trust accounts that name the respondents as beneficiaries. Benjamin does not seek any of the trust funds held for Dorothy's relatives. The trial court denied Benjamin's request and this appeal followed.

## ISSUE

Did the trial court err in determining that appellant consented to the decedent's Will and forfeited his right to elect against the Will?

## ANALYSIS

If Benjamin consented to Dorothy's Will at the time of its execution, freely and with full disclosure of the nature and extent of Dorothy's assets, he cannot now elect to take under the statute. *See State ex rel. Minnesota Loan & Trust Co. v. Probate Court*, 129 Minn. 442, 152 N.W. 845 (1915); Minnesota Probate Law Digest § 23.15 (1985).

Benjamin concedes that he consented to the Will, but he argues that his consent did not extend to Dorothy's transfer of funds to non-family members. Benjamin argues that he consented to a plan which allowed Dorothy to dispose of her assets to her relatives, but he did not consent to Dorothy's disposal of some of her assets to respondents. He claims that he should be able to elect against the Will and receive his statutory one-half share of the funds left to respondents since the three Totten trusts held in favor of the respondents were not part of the plan to which he consented.

The trial court found that Benjamin consented to Dorothy's disposition of her non-probate assets free of any claim on Benjamin's part, in consideration of his right to dispose of his assets free of any claim of Dorothy's. The trial court reasoned that, as a result of Benjamin's consent, he waived his rights to the non-probate assets and could not elect against the Will and in favor of the non-probate assets held for respondents. The trial court further explained that the fact that the Will mentioned only Dorothy's relatives as beneficiaries of her trusts was not material to Benjamin's waiver of his rights. We agree.

Benjamin contends his consent to Dorothy's Will was dependent upon Dorothy effectuating her intent, as expressed in that Will, to leave her estate to her relatives. However, the evidence does not support Benjamin's position. The consent clause which Benjamin signed at the end of Dorothy's Will is phrased very broadly:

I * * * release and surrender *any and all claims* I may have against the estate of my said wife, other than is provided for me in the aforesaid Will.

(Emphasis added.) Dorothy's expressed intent to dispose of her assets to her family cannot be construed to provide Benjamin an opportunity to avoid the proper application of the consent clause which he signed.

There is no evidence to indicate that Benjamin's consent was effective only in connection with transfers to Dorothy's family. Nor is there any indication in the record that part of Benjamin's consideration for consent was his concern that Dorothy's relatives receive all of her estate.

The Minnesota Supreme Court has addressed the issue of when one may justifiably renounce consent to a Will. In *State ex rel. Mueller v. Probate Court of Ramsey County*, 226 Minn. 346, 32 N.W.2d 863 (1948), husband reluctantly signed a consent to his wife's Will only after she executed a Codicil bequeathing to him such household goods and effects as he desired. Subsequently, wife executed another Codicil which made changes in the first Codicil by bequeathing substantial household goods and effects to individuals other than husband. In affirming the trial court, the supreme court determined that husband was justified in his renunciation of the Will because wife's last Codicil affected husband's rights.

*Mueller* is both instructive and distinguishable from the facts present here. First, it is unclear from the evidence here when Dorothy set up the trusts in favor of respondents. However, even if she established those trusts after the Will was executed, she did not adversely affect Benjamin's rights under her Will. If Dorothy had followed her expressed intent and left all of her assets in trusts for her relatives, Benjamin would have received nothing. Any deviation by Dorothy from her expressed intent leaves Benjamin with no less than he originally would have had under the Will.

Benjamin also argues that if Dorothy had already established the trusts in favor of the respondents at the time she executed her Will, she failed to make a full disclosure. This argument is not persuasive. Benjamin concedes that he knew the full extent and value of Dorothy's assets. With that knowledge, he consented to her Will. In that Will, she expressly indicated that she did not intend to give any of the fully-disclosed assets to Benjamin.

Ultimately, Benjamin's posture in challenging Dorothy's Will is vulnerable. To the extent that Dorothy's stated intention is not reflected in the actual bequests under her Will, it is Dorothy's relatives, not Benjamin, who stand to lose. It is they, not Benjamin, who received less of Dorothy's assets as a result of her gift to respondents. They do not seek to have Dorothy's wishes set aside so that they might benefit. The trial court correctly prevented Benjamin's attempt to set aside those wishes so that he might.

### DECISION

The trial court's order denying Benjamin's spousal election was proper since he effectively consented to Dorothy's Will and waived his right to elect against it.

Affirmed.