WIEBKE K. SCHACHT and Others v. CLAUS SCHACHT and Others.[1]

April 25, 1902.

Nos. 12,982—(59).

**Will—Homestead.**

>The testator herein by his will devised his homestead to his wife for life, with remainder to one of his several children. The will was probated, and the widow duly renounced its provisions. *Held*, construing G. S. 1894, §§ 4470, 4472, that by her act the will became conclusively a testamentary devise, to which the surviving spouse had not assented, and therefore the homestead descended to the wife and all of the children, as provided by section 4470, unaffected by the will.

Appeal by plaintiff from a judgment of the district court for Olmsted county, Snow, J., affirming a final decree of the probate court for said county which assigned the residue of the estate of Claus Schacht, deceased. Affirmed.

*Burt W. Eaton* and *Webber & Lees*, for appellants.

*Thomas Fraser* and *Fraser & Christensen*, for respondents.

START, C. J.

The admitted facts in this case are these: Claus Schacht, a resident of Olmsted county, Minnesota, died testate October 28, 1898, leaving, as heirs at law, his widow, three sons, and three daughters, all of full age. At the time of his death he owned and occupied eighty acres of land, which then was, and had been for twenty years, his homestead. By his will, made March 20, 1890, which was duly probated, he devised his homestead to his wife for her life, with remainder in fee to his son Herman Schacht. The

---

[1] Reported in 90 N. W. 127.

surviving wife, immediately after the will was admitted to probate, by writing filed in the probate court renounced its provisions, and elected to take under the statute. After the death of his father, and on November 1, 1898, Herman Schacht died testate. By his will, which was duly probated, he devised all of his real estate to his wife for life, with remainder in fee to his son John. The probate court, by its final decree of distribution of the estate of Claus Schacht, made June 11, 1900, assigned the homestead to his widow for life, with remainder in fee to his two sons and three daughters, and to the widow and son of Herman Schacht, and determined the share of each. The widow and son of Herman Schacht appealed from this decree to the district court, and from the judgment of that court affirming the decree they appealed to this court.

The decree assigns the homestead as if the testator had died intestate as to it, and it is necessarily based upon the legal conclusion that the renunciation of the terms of the will by the widow operated to defeat the will, not only so far as it affected her own statutory rights in the homestead, but also so far as it affected the statutory rights of the children of the testator therein. Whether this conclusion is correct or not depends upon the construction to be given to G. S. 1894, §§ 4470, 4472.

The first of these sections, so far as here material, is to the effect that the homestead of a deceased person shall descend, free from any testamentary devise or other disposition thereof to which the surviving husband or wife shall not have assented in writing, and free from all debts upon the estate of the deceased, as follows: If there be a child, or the issue of any deceased child, and a surviving spouse, to such spouse for the term of his or her natural life, remainder to the child or children and the issue of any deceased child by right of representation. The second one is to the effect that when a parent dies testate having by a will made provisions for the surviving spouse in lieu of any interest secured to such survivor by statute in the estate of such testate, unless such survivor shall renounce such will within six months after the probate thereof by a written instrument filed in the probate court, he or she shall be deemed to have elected to accept the provisions

of the will. In Radl v. Radl, 72 Minn. 81, 75 N. W. 111, it was held that the provisions of section 4472 applied to a testamentary disposition of the homestead, and that the assent in writing to such a disposition might be executed after the decease of the testator. And in Jones v. Jones, 75 Minn. 53, 77 N. W. 551, it was held that the failure of the surviving spouse for more than six months after the probate of the will to exercise the right of renunciation has the same legal effect upon the homestead as the assent of the survivor to the will itself would have. The result of the decisions is that the surviving spouse may, by his or her action, that is, by expressly assenting to the provisions of the will, or nonaction in failing to renounce them within the time limited, determine that the children shall not take any interest in the homestead.

But the precise question presented by the record in this case is this: Does the action of the surviving spouse in renouncing the will leave the statutory right of the children in his homestead unaffected by the will? Or, in other words, if the assent to the will or the nonaction in the premises of the surviving spouse gives the will potency, and thereby deprives the children of such right, does the act of such spouse in renouncing the will deprive it of potency and leave unaffected by it the right of the children in the homestead? Logically it would seem that the question must be answered in the affirmative. There is no escape from the conclusion if we are to adhere to the cases cited, and we know of no reason why they should not be followed to their logical conclusion. No reasonable construction can be given to the provisions of section 4470 except the one that if the surviving spouse duly renounces a will devising the homestead it conclusively becomes by such act a testamentary devise to which the surviving spouse has never assented, and therefore the homestead descends to the wife and children unaffected by the will. We so construe the statute.

It is true, as counsel for the appellants urge, that this statute must be construed with reference to the common and statutory law at the time of its enactment, which permitted the utmost freedom in the disposition of property by will, except as to the rights of the widow. But if the language of the statute be clear, and

the intention of the legislature manifest, effect must be given to the statute as it reads. We are not at liberty to read into or out of it by construction anything contrary to such intention, although the statute be a radical or unwise departure from the old land-marks of the law. Now the language of the statute here in question is unambiguous, its meaning is obvious, and the legislative intent clear. It was intended to be a departure from previous legislative policy, and to give to the surviving spouse the power to preserve the homestead, notwithstanding the will of the deceased spouse, for the children, as well as for the surviving parent.

It follows that the decree of distribution made by the probate court in this case was correct, and that the judgment of the district court affirming it must be affirmed. So ordered.