OLE BERLAND v. DULUTH BREWING & MALTING COMPANY.[1]

January 5, 1912.

Nos. 17,411—(136).

**Injury from unguarded elevator cable — verdict sustained by evidence.**
   In this, a personal injury action, it is *held* that the findings of fact of the trial court are sustained by the evidence.

[1] Reported in 133 N. W. 961.

[Note]   Master's liability for injury to servant caused by elevators uninclosed as required by statute or ordinance, see note in 15 L.R.A. (N.S.) 784.

Action in the district court for St. Louis county to recover $20,500 for personal injuries. The reply was a general denial. The case was tried before Dibell, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff for $4,350. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Theo. Hollister* and *J. A. P. Neal,* for appellant.
*John Jenswold, Jr.,* for respondent.

BUNN, J.

Plaintiff was in the employ of defendant in its brewery at Duluth. On October 2, 1909, while engaged in the line of his duties, the four fingers of his left hand were cut off by coming in contact with the lifting cables of a freight elevator then being operated by him, and being drawn in between the cables and the drum over which they wound. This action was brought to recover damages for the injuries so sustained. The negligence pleaded was defendant's failure to guard the drum and cables. The answer denied negligence, and alleged assumption of risk and contributory negligence. The case was tried before the court without a jury, and resulted in a decision of the issues in plaintiff's favor, and fixing the damages at $4,350. Defendant moved for a new trial, and appealed from the order denying such motion.

The questions for our consideration are the familiar ones: (1) Did the evidence justify a finding that defendant was negligent and that such negligence was the proximate cause of the accident? (2) Was plaintiff guilty of contributory negligence? (3) Did he assume the risk?

In order to understand the questions involved, a brief statement of the facts is necessary. The elevator was used for carrying freight between the different floors of the building. There was no regular operator, but any employee who had occasion to use the elevator took it from wherever it happened to be, and used it. When plaintiff started to operate the elevator just prior to the accident, it was on the basement floor. The platform was about six feet wide by eight feet long. There was a brick wall on one side of the shaft and a

stone wall at the end opposite the door. On each side of the elevator in the center of the platform is an unright timber. On top of these uprights is a cross-beam. Truss rods of three-quarter inch round iron extend from each corner of the platform diagonally upwards, and are fastened to the uprights. Two lifting cables connected to the center of the cross-beam pass over grooved wheels to the outside of the shaft, and then down and over a drum. This drum was just below the basement ceiling, and the elevator passed within five inches of it. The cables wound on the inside of the drum next to the elevator shaft. There was no guard to protect the operator or others from coming in contact with the cables or drum; the side of the shaft where they were being wholly open except for the uprights and truss rods. The motive power was electricity, and the elevator was handled by means of a wire cable that passed through the floor of the elevator through a locking post.

On the occasion of his accident, plaintiff, wishing to use the elevator in his work, got upon the platform, started the elevator by opening the lock and pulling the cable. To steady himself he attempted to take hold of the iron truss rod, but through inadvertence his fingers grasped instead one of the lifting cables, and were instantly caught between this cable and the drum.

This is an outline of the admitted facts, and the facts in relation to the manner in which the accident happened as testified to by plaintiff. Defendant's evidence tended to show that the accident did not happen as plaintiff claimed, but it cannot be seriously contended that the trial court was not fully justified in accepting as true plaintiff's version.

1. There can be no serious question but that the evidence made a fair question of fact on the question of defendant's negligence in failing to guard the drum and lifting cables. The evidence is clear that it was practicable to do so, and we cannot say that it was not dangerous to persons operating the elevator to have the drum and cables exposed in such close proximity to the cab. It was also a question of fact whether defendant's failure to provide a guard was the proximate cause of the accident.

2. Whether plaintiff was negligent is a more serious question, but

our conclusion is that his negligence does not conclusively appear, and that the finding of the trial court in this regard is sustained by the evidence. Accepting his testimony as true, plaintiff was in a position where he could not see the drum or cables without turning. He knew that the truss rod was there, and tried to take hold of it, but through inadvertence his hand extended some five inches beyond where the truss rod was, and grasped the lifting cable. It does not appear that his attention had ever been called to the danger, or that he knew that the drum and cable were so close, or how the cables turned over the drum. It was customary to take hold of the truss rod, as the elevator did not ride steady.

The facts bring the case within the rule, followed in numerous cases by this court, that where an employee, without an affirmative act of negligence on his part, is injured by coming in contact with unguarded machinery through some such cause as slipping or losing his balance, he cannot be held as a matter of law to be guilty of contributory negligence or to have assumed the risk. It is difficult to see any valid distinction between plaintiff's inadvertent act that brought his hand in contact with the cable and the case as it would have been had he slipped or lost his balance, and thus come in contact with the unguarded cable and drum.

What we have said on the question of plaintiff's negligence is also applicable to the question of his assumption of risk. We hold that on both these issues the evidence made questions of fact for the decision of the trial court acting in place of a jury, and that the findings are not so opposed to the weight of the evidence as to justify our reversing the order refusing a new trial.

Order affirmed.