## HANS B. HAROLDSON v. AUGUST R. NORMAN, AS AUDITOR OF CARLTON COUNTY AND OTHERS.[1]

### September 3, 1920.

### No. 22,068.

**Canvassing board may be ordered to reconvene and correct error.**

1. Under section 357, G. S. 1913, the court may order a canvassing board to reconvene after its adjournment to correct an error apparent on the face of the returns.

**So may the state canvassing board.**

2. Where the error has been made by a county canvassing board and the state canvassing board has acted upon it, the state board may be directed to reconvene and correct their proceedings to conform to the facts.

Proceeding begun under section 357, G. S. 1913, in the district court for Carlton county, against the auditor of that county, the secretary of state, the county and state canvassing boards and John B. Richards. The facts are stated at the beginning of the opinion. From an order granting the prayer of the petitioner, Dancer, J., the other parties appealed. Affirmed.

*Clifford L. Hilton,* Attorney General, *Egbert S. Oakley,* Assistant Attorney General, *John B: Richards* and *H. C. Fulton,* for appellants.

*W. F. Dacey, W. H. Gurnee* and *H. B. Haroldson,* for respondent.

HALLAM, J.

At the primary election held June 21, 1920, Hans B. Haroldson and. John B. Richards were each candidates for the nomination for the office of district judge of the Eleventh judicial district. The election officers of Carlton county made their count or canvass of votes and made return to the county auditor, including in their return the tally sheets on which the count was entered, as they were required by law to do. G. S. 1913, § 351, as amended by Laws 1915, p. 228, c. 167, § 8. The tally sheets

1 Reported in 178 N. W. 1003.

were not put in evidence, but there is evidence, uncontradicted, that the tally sheets show that Haroldson received 400 votes in Carlton county.

On June 24 the county canvassing board of Carlton county met and canvassed the votes of that county and made their report. The report contained a tabulated statement, showing in detail the number of votes received by each candidate in each precinct of the county. The figures make a total of 400 votes for Haroldson. The report closed with a summary statement that "Hans B. Haroldson received three hundred and thirty eight (338) votes" in said county. The report was forwarded to the secretary of state. If Haroldson received only 338 votes in Carlton county, he was not nominated, and Richards was nominated. If Haroldson received 400 votes in Carlton county, he was nominated and Richards was not. The state canvassing board accepted the summary statement of the county canvassing board and declared Richards nominated.

Haroldson commenced this proceeding under G. S. 1913, § 357, alleging that the summary statement was erroneous on the face of the returns, and asking for a correction of the alleged error. The trial court ordered the county canvassing board to reconvene and recanvass the returns made to the auditor, and correct the report made to the secretary of state, and further ordered that the state canvassing board reconvene and recanvass the correct returns of the county canvassing board, and that the state canvassing board determine that Haroldson received 400 votes in Carlton county, and that he is one of the nominees, and that the secretary of state make his certificate to that effect.

In our opinion the trial court was right. The computation of the total of Haroldson's vote in Carlton county as 338 votes was a palpable clerical error, as the county canvassing board later discovered.

This error appeared on the face of the returns made to the county auditor, and in our judgment it is such an error as may be corrected by order of the court proceeding under section 357. See Hunt v. Hoffman, 125 Minn. 249, 146 N. W. 733.

The fact that the canvassing board had adjourned does not defeat the purpose of this statute. This was determined in Hunt v. Hoffman, supra. In that case the canvassing board was ordered to reconvene to correct their error. The decision in Clark v. Buchanan, 2 Minn. 298 (346), holding that mandamus would not lie against a canvassing board

after it had adjourned, seems not to have been called to the attention of the court when Hunt v. Hoffman was being considered. Clark v. Buchanan is contrary to the weight of authority, 15 Cyc. 383, 384; 26 Cyc. 277; State v. Prather, 84 Kan. 169, 112 Pac. 829, 36 L.R.A.(N.S.) 1084, 1089, but if it can be said to state a proper rule in a mandamus case, it does not follow that the same rule should apply in a proceeding under our statute. It is our opinion, as held in Hunt v. Hoffman, that, under section 357, the court has the power to compel a canvassing board to reconvene after adjournment for the purpose of correcting errors such as that section mentioned. We follow the decision in Hunt v. Hoffman.

It is urged that, under section 357, an order of court can only be directed against an official or body guilty of some error or violation of duty, and that no order can be directed against the state canvassing board and secretary of state to correct the error of the county canvassing board. We are of the opinion that the statute should be so construed as to permit the correction of error apparent on the face of the returns, and, to make the corrections effectual, to direct officials and bodies who have innocently acted on the error, to correct their subsequent proceedings to conform to the facts. Any other construction would make it impossible for the court to correct the error in such a case as this, and yet the statute empowers the court to do so.

We have not considered the question of whether, on the returns as they were made to the state canvassing board, that board should have declared Haroldson nominated. The trial court did not reach that question and it is not necessary that we consider it.

We affirm the order of the trial court with this amendment: The trial court directed that the county canvassing board reconvene on August 12, 1920, and that return be made to the secretary of state not later than August 13. Those dates are now past. The order will stand amended so as to require that said acts be done forthwith, or as the trial court may further order.

No statutory costs will be allowed.

Order affirmed.

Brown, C. J., and Holt, J., being members of the state canvassing board, took no part in this decision.