IN THE MATTER OF THE ESTATE OF FRANK C. MURPHY, DECEASED.[1]

September 2, 1920—October 29, 1920.

No. 21,942.

**Inheritance tax — widow's life estate in homestead not taxable.**

The life estate of the widow in the homestead is not subject to the inheritance tax, and the value thereof is a proper deduction in the tax proceedings, even though she takes a fee title thereto by the last will and testament of her husband. The rule of Pettit's Case, 137 Minn. 238, followed and applied.

[1] Reported in 178 N. W. 1003, 179 N. W. 728.

Upon the relation of the attorney general the supreme court granted its writ of certiorari, directed to the probate court for St. Louis county, to review a final order of that court determining the inheritance taxes due to the state of Minnesota on account of the transfer of decedent's property which allowed as a deduction the value of the widow's life estate in the homestead, which life estate was of the value of $7,634. Affirmed upon reargument.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*Washburn, Bailey & Mitchell,* for respondents.

On September 2, 1920, the following opinion was filed:

PER CURIAM.

The members of the court who heard this cause are unable to agree upon a common basis for an opinion therein, being equally divided upon the principal question involved, namely, whether the homestead, though passing to the widow in fee under the last will and testament of the husband and not under the intestate laws, is subject to an inheritance tax, the order of the probate court under review will therefore be and it is affirmed.

QUINN, J., absent on account of illness, took no part.

On October 29, 1920, the following opinion was filed:

BROWN, C. J.

Frank C. Murphy, late of St. Louis county, died on the twenty-first day of November, 1918, leaving surviving as his next of kin and sole heirs his wife and three children. By his last will and testament he devised and bequeathed all and singular his property, real and personal, to his wife, with a gift of one dollar each to the children. The only real property owned by him at the time of his death was his house and lot in the city of Duluth, which constituted the family homestead. The total value of the estate, including the homestead, was fixed by the appraisers at the sum of $46,689.12. The widow was named as executrix by the will and she presented the same with a petition for its allowance to the pro-

bate court; it was duly allowed and admitted to probate on January 21, 1919. On February 25 following and in the due course of procedure the probate court on the petition of the widow, and on the authority conferred by G. S. 1913, § 7308, set off and assigned to her the homestead for and during her life, together with the items of personal property provided for by that statute. Thereafter on March 3, 1920, the court, as a basis for the computation of the inheritance tax for which the estate was liable, made an order fixing the clear value of the estate, in arriving at which the court deducted from the total appraised value, in addition to the costs and expenses of administration and other items allowed by law, the value of the widow's life estate in the homestead, the amount thereof being fixed at the sum of $7,634.50. The state excepted to this feature of the order and sued out a writ of certiorari in review of the same.

The only question presented, as stated by counsel, is whether, in determining the clear value of the estate for inheritance tax purposes, the value of the widow's life estate in the homestead should be included as a proper deduction from the net value of the total estate. The question is answered in the affirmative.

Under the will of decedent, as stated above, the widow takes the homestead property in fee, and not for life with the fee to the children at her death, as would have been the case had there been no will. But by her petition to the probate court she indicated an intention to retain the homestead right and at her request it was set off and assigned to her, as authorized by section 7308, G. S. 1913. On this state of the facts a majority of the court have no difficulty, following prior decisions, in reaching the conclusion that the value of the estate so set off to her is a proper deduction in the inheritance tax proceedings. It was assigned to her under the provisions of the statute cited, the last clause of which declares that the property and estate so assigned, which includes personal property as well as the homestead, shall not be treated as assets of the estate. The rule of the statute in that respect has always been applied by the court. Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941; Wilson v. Proctor, 28 Minn. 13, 8 N. W. 830. The rights of the widow in such a case vest immediately on the death of

the husband. Stromberg v. Stromberg, 119 Minn. 325, 138 N. W. 428; Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265. In intestate estates no order assigning the homestead is necessary, except as a designation of the particular tract of land which constitutes the same, and where there is a will, as in the case at bar, giving the homestead to the wife absolutely, and she elects to continue the homestead right, an order of the court setting the same off to her will answer the same purpose as in the intestate estate and nothing more. The property itself separated from the homestead right of the widow forms a part of the estate and is subject to the tax, according to the value thereof, less the exempt life estate. This conclusion follows logically from the rule applied in the Pettit Case, 137 Minn. 238, 163 N. W. 285, L.R.A. 1917F, 436, where it was held that the personal property allowances given by the statute in question became vested at the death of decedent and are not subject to the transfer tax. Both items of property, the personal chattels and the homestead, from the statutory viewpoint are in the same situation as to passing of title, the object of the law in granting them to the widow is the same as to each, namely, the promotion of the comfort and welfare of the widow and children after the death of the husband and father, and no sufficient reason can be assigned for declaring the one subject and the other free from the tax. The situation in no view or substance is changed by reason of the fact that the widow takes a fee title to the homestead under a will or otherwise.

The writer does not concur in the conclusion stated. In his view of the question the homestead, when passing to the widow in fee, should stand with the widow's one-third interest in other real property of the husband and subject to the tax precisely as that interest was held taxable in the Pettit case.

Order affirmed.

DIBELL, J. (also dissenting).

I concur in the view of the Chief Justice that the widow took the fee by the will and that it is subject to the transfer tax. If there had been no will she would have taken a life estate by descent under G. S. 1913, § 7237, just as she would have taken a fee in one-third of the property not a homestead under G. S. 1913, § 7238. What she took by will is taxable

just as what she took by inheritance was taxed in the Pettit case. The provisions of G. S. 1913, §§ 7397, 7398, providing for the setting aside of the homestead, are procedural. Therefore I dissent from the majority opinion.