# IN RE ESTATE OF LOUIS P. ECKSTRUM, DECEASED.

April 25, 1924.

No. 23,916.

**When family homestead is set over to widow in fee, she should not pay inheritance tax on its value.**

Following In re Murphy's Estate, 146 Minn. 418, it is *held* that in determining the inheritance tax to be paid by the widow of a decedent who died intestate and without issue, the value of the family homestead set over to her in fee, pursuant to sections 7307, 7308, G. S. 1913, should not be included in ascertaining the taxable value of the property transferred to her by virtue of the intestate laws of this state.

Upon the relation of Hannah M. Eckstrum the supreme court granted its writ of certiorari directed to the probate court for Beltrami county to review the order of Koefod, J., determining the inheritance tax to be paid by her as the widow of Louis P. Eckstrum, deceased. Affirmed.

*Clifford L. Hilton*, Attorney General, and *Albert F. Pratt*, Assistant Attorney General, for relator.

*C. L. Pegelow*, for respondent.

*Washburn, Bailey & Mitchell* and *Baldwin, Baldwin, Holmes & Mayall*, filed a brief as amici curiae.

LEES, C.

Certiorari to review the order of the probate court of Beltrami county determining the inheritance tax to be paid by the widow of Louis P. Eckstrum, who died intestate on June 30, 1921.

The inventory of the estate included the decedent's homestead, of the appraised value of $5,000, and other real and personal property with which we are not concerned. On the application of the widow, the homestead was set over to her in fee, the decedent having left no surviving child or issue of a deceased child. Subsequently she applied to the court for the allowance of her final account as

[1]Reported in 198 N. W. 459.

administratrix and for the final distribution of the estate. In the application she described the homestead as well as the other real estate, and referred to it as property belonging to the estate for the purpose of distribution. Before the decree of distribution was entered, the court made the order brought here for review. Included among the deductions allowed in ascertaining the value of the property transferred to the widow under our intestate laws was an item of $5,000, representing the value of the homestead. Notice of the order determining the inheritance tax was served as required by statute, and the state brings the matter here to obtain a review of that portion of the order which deals with the homestead.

The attorney general contends that the value of the homestead was not a proper deduction and that in any event the widow should have been required to pay an inheritance tax upon the homestead after deducting the value of an estate therein for the term of her natural life. Counsel for the widow contends that this case is ruled by Murphy's Estate, 146 Minn. 418, 178 N. W. 1003, 179 N. W. 728, and, since the decedent had no children and the statute (G. S. 1913, § 7237), gives the widow the fee title in such a case, the probate court ruled correctly in determining the tax. Unless the Murphy case can be distinguished from the case at bar, the order must be affirmed.

Mr. Murphy died testate, devising all his property to his wife. Aside from his homestead he had no real property. His widow applied to the probate court for an order setting the homestead apart, as provided by sections 7307, 7308, G. S. 1913, and an order was entered assigning it to her for life. In computing her inheritance tax, the probate court deducted the value of her life estate, and the question presented was whether she was entitled to the deduction. Although the widow acquired title in fee under the will, it was considered that she might nevertheless elect to continue the homestead right created by the statute, thus in effect looking to the will as the source of her title in fee and to the statute for her life estate. It had been held in State ex rel. Pettit v. Probate

Court, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436, that a widow's allowances out of her husband's personal estate were not subject to the transfer tax and the court saw no reason for drawing a distinction between the nature of a widow's right to such allowances and her statutory right to the homestead, since both rights become vested at the instant of the husband's death and both are embraced in the procedural provisions of the statute above mentioned, and when the homestead and the personal property allowed to the widow are set over to her, they cease to be, if they ever were, assets in the hands of the executor or administrator.

In the Murphy case all the widow could claim under the statute was a life estate, for there were three children, while here she is entitled to an estate in fee because there are no children, but in each case the statute is the source of her homestead rights. The Murphy case was decided by a divided court. It was twice argued by able counsel, who presented for consideration all that could be said in support of their respective contentions. More than three years have gone by since the case was decided. It is a matter of common knowledge that in numerous instances the inheritance tax has been determined in accordance with the construction of the statute which the court then adopted. There is every reason to hold that it is now too late to reopen the question, even though it might be diflerently determined if it were presented for the first time. It is too evident to justify discussion that the interests of the state and of the individual, and the necessity for stability and uniformity in the construction and application of the law, require the court to adhere to its former ruling.

We hold that the probate court correctly determined that no portion of the value of decedent's homestead was subject to the payment of the inheritance tax, and hence the order is affirmed.