# IN RE ESTATE OF ALEXANDER McDOUGALL, DECEASED.[1]

October 24, 1924.

No. 24,190.

**When homestead not subject to inheritance tax.**
> A homestead willed to surviving children and set apart to them by order of the probate court, in the course of the administration of testator's estate, is not subject to a transfer or inheritance tax.

Upon the relation of the attorney general the supreme court granted its writ of certiorari directed to the probate court of St. Louis county to review the order of that court, Gilpin, J., determining inheritance taxes in the McDougall estate. Affirmed.

*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assistant Attorney General, for relator.

*William P. Harrison,* for respondent.

HOLT, J.

The probate court held that no inheritance tax should be paid upon the value of the homestead of Alexander McDougall, who died a widower leaving two children to whom he devised and bequeathed all his property, share and share alike, with the exception

[1]Reported in 200 N. W. 353.

of $60,000 placed in trust for specific objects. In the course of the administration of the estate and upon application of the children, who were both of age, the homestead was set over to them under the provisions of sections 7307 and 7308, G. S. 1913. The appraised value thereof was $22,000. This ruling of the probate court is here for review on certiorari.

The arguments of the attorney general are so forcible and persuasive that, were the question one of first appearance, the imposition of a transfer tax upon the value of the homestead might be sustained. But we think our prior decisions on the subject lead to an affirmance of the ruling of the court below.

In the Pettit Case, 137 Minn. 238, 163 N. W. 258, L. R. A. 1917F, 436, we held, in substance, that the allowance to which a widow was entitled out of the estate of her deceased husband, in the course of its administration, did not pass to her as a privilege of inheritance by will or the intestate laws and was not subject to the tax. No homestead was involved in that case. However, in the Estate of Murphy, 146 Minn. 418, 178 N. W. 1003, 179 N. W. 728, it was squarely decided that the value of the life estate of the widow in her husband's homestead should be set aside to her without the payment of the transfer tax, even though the fee thereto passed to her under her husband's will. Two legislatures have sat since that decision was rendered, without any legislation indicating a disapproval of this court's interpretation of the inheritance tax statute excluding from its operation the widow's life estate in the homestead.

In re Estate of Ekstrum, 159 Minn. 231, 198 N. W. 459, the holding of the Murphy case was adhered to and extended so as to include not only the life estate of the widow in the homestead, but the title in fee thereto which passed to her upon her husband's death, there being no surviving children nor issue of any deceased child, the probate court, in the course of the administration of her husband's estate, having set aside the homestead to her. The practical reasons for following the Murphy ruling are there well stated. But the attorney general invites the court to make a dis-

tinction between the statutory right of a widow to have the homestead set apart to her and that of children, in that the former cannot be deprived of her rights by the husband, but that by deed or will he may utterly destroy a child's claim to this statutory right. We do not think the legislature intended to rest the burden of paying a transfer tax upon the right to have the homestead set apart to the proper person upon the nice distinctions growing out of the proposition whether the decedent could or could not have destroyed the right. The object of the statutory provisions, permitting certain property of the estate of a spouse or parent by an order of the court to be withdrawn therefrom, in the course of the administration, and set apart to the surviving spouse or children and, when so set apart, to be regarded as no longer a part of the estate for which the administrator or executor is accountable, was, as stated in the Murphy case, "the promotion of the comfort and welfare of the widow and children after the death of the husband and father;" and therefore we think no distinction should be made between the kind of property allowed. A like reason exists for not burdening the right of the children to the homestead with a transfer tax when the widow, had there been one to receive it, would go free.

The decision of the probate court is affirmed.

Stone, J. (dissenting.)

I protest against this result, for to me it seems a judicial amendment of the inheritance tax statute. This of course is a mere characterization, but in attempted justification of it the following is submitted:

Our inheritance tax law (G. S. 1913, § 2271), imposes a tax "upon every transfer of property * * * or any interest therein * * * when the transfer is by will or by the intestate laws of this state, from any person dying possessed of the property while a resident of the state." If, therefore, the transfer of a homestead to the children is by will or the intestate laws, a tax should be imposed.

In such a case the transfer is impossible except by will or the intestate laws for, so far as the children alone are concerned,

a testator may do what he pleases with his homestead. Against his children alone he is just as much at liberty to devise the homestead to others as he is so to dispose of the rest of his estate. The law gives the children no vested interest in the homestead, and as to it they are just as open to disinheritance as they are with respect to the other property of a testator. How then is it possible to argue that the transfer of a homestead to his children, on the death of the owner, is not by operation of a will or the intestate laws? Testate or intestate, it is by operation of a will in the one case or the intestate laws in another. It is upon the negation of that argument that the majority opinion must stand.

There is nothing in our prior decisions justifying the present holding, for in not one of them (the Pettit Case, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436; the Murphy Case, 146 Minn. 418, 178 N. W. 1003, 179 N. W. 728, and the Ekstrum Case, 159 Minn. 231, 198 N. W. 459), was the transfer of a homestead or any interest therein to a child or children under consideration.

The transfer of a homestead to a surviving spouse, under our statute, is a very different thing from one to a child or children. The interest of the surviving spouse arises by reason and upon the institution of the marriage relation. True, it remains inchoate until the death of the owner of the homestead. However, it is a vested interest in real estate and one not to be divested except by the consent in writing of the surviving spouse.

The rights of children are in a very different category. Essentially, they are of a different character. They may be divested by will, subject to the rule of Schacht v. Schacht, 86 Minn. 91, 90 N. W. 127. They do not vest upon the birth of children but only at the death of the parent. Then they vest solely by virtue of the will or by reason of the intestate laws of this state.

The argument that "Two legislatures have sat since the decision was rendered" in the Murphy case is of but little weight. In the first place the legislature is pretty well occupied with matters other than the search for judicial error in the construction of statutes. Moreover, we are concerned with the intention of the legislature that enacted the inheritance tax law, and not that of those that have

convened since. In the next place, it is difficult to say how a legislator, entirely familiar with the decisions in the Pettit and Murphy cases, could anticipate an expansion of their doctrine so violent as to permit its application to the transfer of a homestead, by will or under the intestate laws, to the children of the deceased.

The suggestion that the transfer of the homestead to the children should not be burdened with the transfer tax as long as a similar transfer to a widow is not so laden has some force. But distinctions of that kind are for the legislature rather than the courts.

Finally, it is wholly beside the question to attempt any distinction between portions of an estate because the evidence of transfer, or the instrument consummating it, is in one case an order setting aside a homestead, and in the other a final decree of distribution. As was said by Mr. Justice Dibell, dissenting in the Murphy case, such things are mere "procedural" details. They are matters of form, not at all affecting the substance of the inquiry. The essential thing to determine is the genesis of the transfer. What creates the right—that without which there would be no transfer. In the widow's succession to a homestead, the foundation of her right is the marriage relation and not, under the theory of our decisions, a will or the intestate laws. Not so with the children succeeding to the homestead upon the death of a parent. They inherit, take the property, not by virtue of any law controlling the relation of parent and child, but solely under the will or the intestate laws. That must be so because a will may deprive them of the homestead.

It follows then that children acquire the homestead, if at all, by will or the operation of the "intestate laws." Therefore, subject only to the statutory exemptions, it should be held taxable.

DIBELL, J. (dissenting.)
I concur in the result reached by Mr. Justice Stone.