## IN RE ESTATE OF MARY L. MORGAN.[1]

January 7, 1927.

No. 25,267.

**Partial exemption from inheritance tax on homestead.**
The residuary devisee would have received by descent one-third in fee of the homestead of the testator. By the will he received all of it. He was not entitled to more than one-third of the value of the homestead as exempt from the inheritance tax.

Taxation, 37 Cyc. p. 1572 n. 2 New.

[1]Reported in 211 N. W. 823.

Certiorari to review an order of the probate court of Wabasha county, Gass, J., determining inheritance tax in the estate of Mary L. Morgan, deceased. Modified.

*Clifford L. Hilton*, Attorney General, and *Albert F. Pratt*, Assistant Attorney General, for relator.

DIBELL, J.

Certiorari on the relation of the attorney general to review the order of the probate court of Wabasha county determining the inheritance tax in the estate of Mary L. Morgan deceased.

Mrs. Morgan died testate. She left surviving her two sons and one daughter. By the terms of the will Alexander Morgan, a son, was the residuary devisee and took the homestead in fee, which was valued at $6,000. The probate court, in addition to the statutory exemption of $10,000, allowed Alexander Morgan the value of the homestead as exempt. The homestead was never set apart.

The contention of the state is that Alexander Morgan, if there had been no will, would have received one-third of the homestead, and therefore should not be allowed more than one-third of its value as exempt. It does not insist that one-third is not exempt.

The members of the court have not been in entire accord as to the proper tax when the heir takes the fee of the homestead by the will. In re Murphy, 146 Minn. 418, 178 N. W. 1003, 179 N. W. 728; In re Eckstrum, 159 Minn. 231, 198 N. W. 459; In re McDougall, 160 Minn. 393, 200 N. W. 353. We have not held, and it has not been our view, that an heir who would receive a share of the fee by descent, free of an inheritance tax, gets more than such share as exempt when he takes a greater portion under the will. Since the state does not object to the allowance of an exemption upon one-third of the estate, we need go no further. The order should be modified by imposing a tax upon two-thirds of the homestead value, or $4,000.

Order modified.

WILSON, C. J.
I concur in the result.