GAINER v. GATES, ADM'R, ET AL.

73　149.
129　563

1. **Will:** DEVISE OF HOMESTEAD TO HEIR: FAILURE OF DEVISE BY ELEC-
TION OF WIDOW: REMEDY. A testator devised to his wife all of his property for life, and devised his homestead to plaintiff. But the wife refused to take under the will, and had her third set off to her in fee, which included the homestead, thus defeating the devise to plaintiff. *Held* that the devise to plaintiff of the homestead, without the concur-rence of the wife, was void, which the testator must be presumed to have known; and that it must therefore be further presumed that it was his intention to make the devise of the homestead contingent upon the wife's consent, but that, if she did not consent, plaintiff should take nothing; and that plaintiff could not recover the value of the home-stead, in an action against the administrator and the heirs, out of the residue of the estate after paying all legacies, though such residue was ample for that purpose.

*Appeal from Linn District Court*—HON. J. H. PRESTON, Judge.

TUESDAY, OCTOBER 25.

ACTION in equity to recover of the administrator with the will annexed and the heirs of the devisor the value of certain real estate devised to plaintiff, the devise having failed. A demurrer to the petition was sustained. Plaintiff appeals.

*Smith & Powell*, for appellant.

*Ward & Harmon*, for appellees.

BECK, J.—I. The petition alleges that the will of Thomas Gainer was duly admitted to probate. It gives to his wife a

life-estate in all his property; real and personal, and devises to the plaintiff his homestead. It bequeaths separate sums to each of twelve legatees. The widow entered no consent upon the proper record to take under the will, but claimed her dower or distributive share under the statute, which was set apart to her by proceedings in the probate court, and included the homestead of the testator, which is alleged to be of the value of $2,500. The widow of the testator holds the homestead under the decree of the court setting it apart to her. The petition alleges that by reason of the election of the widow not to take under the will, and the assignment of the homestead to her, plaintiff has been deprived of the property devised to him. It is also shown that the devisees and legatees under the will, except plaintiff, have received the money and property willed to them, and a large amount of property of the estate remains, and would remain were plaintiff paid out of the estate the value of the homestead. Plaintiff prays that the administrator with the will annexed be authorized and required to pay to plaintiff such sum out of the money of the estate, before final distribution be made. A demurrer to the petition was sustained. It is based upon the following grounds:

" (1) That the facts stated in the petition of plaintiff do not entitle him to the relief demanded; (2) that plaintiff's petition shows upon its face that his cause of action is based upon a specific devise which has failed, and further shows that the testator made no provision for said devise to be paid out of other property, in the event of failure of such specific devise; (3) that there is a defect of parties defendant, for the reason that plaintiff's remedy is against his co-legatees, and not against the heirs at law of Thomas Gainer, deceased."

II. The question presented by the demurrer is this: Where a testator, having a wife living who survives him, leaves to her all his property for life, and devises to another his homestead, and the devise of the homestead fails, for the reason that the wife refuses to take under the will, may the devisee of the

homestead recover its value of the estate? We are clearly of the opinion that the question should be answered in the negative, for the reasons which we will proceed to state. Code, § 2452, is in this language: " The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit court." Other provisions of the statute, which need not be recited, are to this effect: that the husband can do no act, unless with the concurrence and joinder of the wife, which will affect her interest or right in the homestead. Under these statutes the testator could make no disposition of the property, by will or otherwise, without the concurrence of the wife, which would defeat her interest and rights therein.

Plaintiff does not claim that the widow is liable for the value of the homestead, or that her rights and interest are at all affected by the devise to him; nor does he make any claim against the devisees and legatees of the estate, all of whom have received the property willed to them; but he seeks to charge the estate therefor, and thereby indirectly to recover from the heirs of the testator. He bases his claim upon the doctrine of election and satisfaction, which Story defines " to be the obligation imposed upon a party to choose between inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both. Every case of election, therefore, presupposes a plurality of gifts or rights, with an intention, express or implied, of the party who had the right to control one or both, that one should be a substitute for the other." (2 Eq, Jur., § 1075.) This doctrine is based upon the idea that, by the exercise of election by one, another will be deprived of rights or benefits. We need not inquire whether this doctrine is applicable to the case of the widow and the beneficiaries under the will other than plaintiff, for the reason that no claim is made against them in this action. It is

surely not applicable to the heirs who will take the residue of the estate. They did not, and could not, exercise election; and by their act the plaintiff was defeated of no right or benefit. Their interest was in no manner affected by the refusal of the widow to take under the will, further than to delay the time of their coming into possession of the property willed. Nor was their interest affected, one way or the other, by the devise to plaintiff. It is simply the case of a devise which is defeated for the reason that the testator has no power to dispose of the property against the dissent of the widow.

But let it be admitted that the heirs stand in the shoes of the testator, and can urge no defense that cannot be urged by the estate. We can discover no legal or equitable ground upon which plaintiff can recover against the estate, which is not bound by contract to him, and which has done no act to defeat the devise. All there is of it is that the testator devised to plaintiff property which under the law he could not devise, except with assent of the widow. The law presumes that the execution of the will was with a knowledge of the law by the testator. He knew that nothing would pass to plaintiff except with the widow's consent. The law will presume that it was his purpose to make the devise contingent upon such consent; that his purpose and wish was that, if the wife did not hold the homestead, plaintiff should, but, if she did, plaintiff should take nothing by the will. If we may inquire into the purpose and wish of the testator, we can reach no other than this conclusion. But the law will not, upon presumption of intention, adopt a construction of a will which will defeat an heir. *Scott v. Guernsey*, 48 N. Y. 107; *Crane v. Ex'rs of Doty*, 1 Ohio St., 279.

We think the court below rightly sustained the demurrer, upon the first and second grounds thereof. The other ground need not be considered. The judgment of the district court is                                                    AFFIRMED.