WILLIAM JONES and Others v. HENRY JONES and Others.

December 21, 1898.

Nos. 11,264—(158).

**Surviving Spouse—Election to Take under Will—G. S. 1894, § 4472—Homestead.**

Where the six-months period fixed in G. S. 1894, § 4472, has expired, in a case in which the provisions of that section are applicable, and a surviving husband or wife has not exercised his or her right to renounce and refuse to accept the terms and conditions of the will, an election has been made by such survivor to take under the will, and the right of renunciation and refusal no longer exists. A failure to exercise this right within six months after the will has been probated has the same legal effect upon the estate, including the statutory homestead, if there be one, as the written assent of the survivor to the will itself, provided for and required by the terms of section 4470, would have.

**Same—Devise of Homestead to One Child—Children Surviving Both Parents.**

In a case where the testator held a statutory homestead at the time

of his decease, and the surviving wife, for whom provision was made in the will, lived for more than two years after the expiration of the six-months period, heretofore mentioned, without exercising her option as to such will, children who survive both parents have no interest in the homestead, devised to another person.

Four children of John P. Jones, deceased, petitioned the probate court for the county of Blue Earth to set apart to them, and to Henry Jones, certain lands as the homestead of said deceased. The petition was granted, Torrey, J., and Henry Jones appealed to the district court for that county from the order granting the petition. In the district court the matter was tried, upon stipulated facts, before Severance, J., who reversed the order of the probate court. From an order of the district court denying a new trial, petitioners appealed. Affirmed.

*Lorin Cray*, for appellants.

A surviving wife entitled to hold the homestead cannot be allowed to waive a claim to the homestead fixed by law, and take a part thereof, to the injury of other parties interested in the distribution of the decedent's estate. Mintzer v. St. Paul Trust Co., 45 Minn. 323. The state, which confers the right and prescribes the rule of descent or distribution, may annex to the privilege which it confers such reasonable conditions to its enjoyment, as it may deem expedient. In re Sherman's Estate, 153 N. Y. 1. The power to dispose of the homestead by will must be subject to the homestead tenure of the survivor. Eaton v. Robbins, 29 Minn. 327. See to the same effect Brettun v. Fox, 100 Mass. 234; Burroughs v. Nutting, 105 Mass. 228. The homestead is to be set apart in pursuance of the statute in force at the time the order is made, and the interest therein which the widow and surviving child will take is to be determined by the same statute. Sulzberger v. Sulzberger, 50 Cal. 385; In re Lahiff, 86 Cal. 151; In re Davis, 69 Cal. 458; Brettun v. Fox, supra. A will speaks from the date of the death of the testator. Graves v. Mitchell, 90 Wis. 306; Langley v. Langley, 18 R. I. 618; Cushing v. Aylwin, 53 Mass. 169; Shute v. Sargent, 67 N. H. 305; Bishop v. Bishop, 4 Hill, 138; Annable v. Patch, 20 Mass. 360; Pray v. Waterston, 53 Mass. 262; Schouler, Wills (2d Ed.) § 11.

See also Desesbats v. Berquier, 1 Binney, 336; Desnoyer v. Jordan, 27 Minn. 295; McCune v. House, 8 Ohio, 144.

*Wm. F. Hughes,* for respondent.

There may be circumstances permitting a will to speak from the day of its execution. See In re Swenson's Estate, 55 Minn. 300. Statutes will not be construed retrospectively, unless, by their express terms or otherwise, such appears to be the manifest intent of the legislature. Taylor v. Mitchell, 57 Pa. St. 209; Appeal of Lane, 57 Conn. 182; Brewster v. McCall, 15 Conn. 274; In re Tuller, 79 Ill. 99. A will is construed according to the law in force at the time of its execution. Packer v. Packer, 179 Pa. St. 580; Gable v. Daub, 40 Pa. St. 217.

COLLINS, J.

We are again called upon to construe the provisions of G. S. 1894, § 4470. John P. Jones died testate, in 1889, the owner of a farm of 160 acres, of which 80 acres was his statutory homestead. His wife survived him, as did five children. The latter had attained their majority long prior to their father's decease. The will was duly probated in 1890, and, in accordance with its terms, one-half of all of the decedent's property was assigned and decreed unto the widow for the term of her natural life, with the remainder over to a son, Henry Jones; while the other half, except the sum of $600, reserved for certain specified legacies to the other children, was assigned and set over to said son Henry absolutely. Another son (Hugh) was nominated in said will as executor, and he was duly appointed as such in 1890, and thereafter duly qualified, and has ever since been acting in that capacity.

The widow died in 1893. The estate has never been settled, and in 1894 the children, other than Henry, petitioned the probate court for the setting apart of the 80 acres, as the homestead of the deceased, to the five children before mentioned, and for their use. The petition was granted in the probate court, but on appeal the order was reversed by the district court.

On the facts this case does not materially differ from that of Radl v. Radl, 72 Minn. 81, 75 N. W. 111, and is governed by it. In each case there was the last will and testament of a husband, in which

provision was made for the wife, if she should survive the testator, in lieu of the statutory rights; and there were also children. In neither case did the wife assent to the provisions of the will during the lifetime of the husband. In each case the will was duly probated while the widow was living, and presumably she accepted its terms. In the Radl case the homestead was devised to a son in fee, free from all claims of the widow, and when the will was probated she executed, acknowledged and filed in the probate court her written assent to all of its terms and conditions, relinquishing all claims and rights in and to the estate, except as to the part devised to her. One or two years after this she brought an action against the son to eject him from the homestead, claiming that she could not lawfully assent to the terms of the will after her husband's decease.

In the present case an undivided half of all property, less the amount of certain legacies, and including the homestead, was bequeathed and devised to the son Henry, while the other half was bequeathed and devised to the widow during her natural life, with remainder over to Henry. The widow did not assent in writing to the terms and conditions of the will, but it was probated February 1, 1890. She lived until January 31, 1893, or for more than two years after the expiration of the six-months period fixed in section 4472, within which she was required by a written instrument, filed in the probate court, to renounce and refuse to accept the provisions of the will, or be deemed to have elected to take thereunder, and in accordance with its terms and conditions. She failed to file the instrument, and upon her death all of the children save Henry filed the petition just mentioned, claiming that it should be granted because their mother never formally assented to the testamentary disposition of the estate made by her husband.

What was said in the opinion filed in the Radl case in reference to a proper construction of sections 4470–4472, is pertinent here, and need not be repeated; and, changing the language a trifle, so that it may fit slightly different facts, the remainder of that opinion is in point. We have here the two essentials there mentioned: First, a testamentary disposition of the homestead; and, second, a failure on the part of the surviving wife to renounce, and a refusal

to accept, the terms and conditions of the will within the statutory period. This failure was an election on the widow's part to take under the will, and to accept its terms and conditions in lieu of the provisions made for her by statute. When the six months had expired, she having omitted to renounce and to refuse to accept under the will, her right of election terminated. It had gone; and certainly the children who survived her can have no greater rights than she had. They cannot revive this right.

We have the same argument here as in the Radl case,—that with this construction of the statute it is optional with the surviving husband or wife to deprive the children of their remainder in the homestead,—and the same reply can be made to it. The survivor has the power to deprive the children of this remainder by assenting to the will in writing, and it is of no importance to them how it is done, if this power absolutely exists. It is the act which affects them, and it is therefore immaterial whether it is performed by some affirmative action, like written assent, or is negatively brought about by reason of a failure to renounce and a refusal to accept under the will. The petitioners had no interest in the homestead to be set apart.

Order affirmed.

MITCHELL, J.

While I concur in the result arrived at, I do so upon an entirely different construction of G. S. 1894, § 4470, from that adopted in the opinion of the court. It will be observed that this case involves the interest of the children, and not of the widow, in the homestead of the testator. While I admit that, according to the grammatical relation to each other of the different provisions of this section, all that is contained in the first clause would seem to apply to all that follows in the four subdivisions, and therefore that the clause,

"Free from any testamentary devise or other disposition to which the surviving husband or wife shall not have assented in writing,"

Would be operative in favor of the children as well as the surviving spouse of the deceased, yet I think it is permissible to construe this clause as intended solely for the benefit and protection of the surviving spouse, and that, in view of the history and apparent pur-

pose of the statute, it ought to be so construed, although it may seem to do some violence to its grammatical structure.

If this clause was intended for the benefit of the children of the deceased, it is rather remarkable that, although they may be of full age, they are given no voice in the matter. Their assent to the disposition of the homestead by the deceased is not required. Their interest is wholly dependent upon the will of the surviving spouse, who may be merely a stepparent; and this interest they may lose by the mere failure of the surviving spouse to make an election under section 4472. Again, if the children should have protection against the testamentary or other disposition of the homestead of a parent, we do not see why they should have been given it when there is a surviving parent or stepparent, and not when both are dead.

Again, the clause is not limited to a testamentary disposition, but to any other not assented to in writing by the surviving spouse, and, if the clause referred to is to be held operative at all in favor of children, it must be held to be equally so as to such "other disposition," which is liable to lead to very embarrassing complications.

In the light of the pre-existing statutes on the subject, it seems evident to me that the authors of the probate code of 1889, in framing the section, had two objects in view,—one being to protect the statutory interest of a surviving spouse in the homestead of the deceased spouse against any disposition of it, testamentary or otherwise, to which the former had not assented in writing; and the other that the homestead should descend to the surviving spouse and children of the deceased, according to their respective interests, free from the debts of the deceased; that the first was designed for the benefit of the surviving spouse alone, while the latter was designed for the benefit of both the surviving spouse and children; and that the whole trouble has arisen from the fact that the commissioners who framed the code have attempted to effect both objects in a single section of the law of descents, which is very awkwardly and inaccurately constructed.

The construction of section 4470 which I suggest would render it entirely harmonious with the provisions of section 4472, and relieve the construction of both sections from difficulty; whereas,

if the court persists in the construction with which it has started out, I think it will hereafter find itself confronted with difficulties, the frequency and seriousness of which cannot now be foreseen.

CANTY, J.

Whether the interpretation given by Justice MITCHELL to G. S. 1894, § 4470, is the correct one, it is not necessary now to determine, but the question should be expressly reserved and not be made to appear to be foreclosed by the decision of this case. Conceding without deciding that the surviving husband or wife has for the benefit of the children a veto power on any testamentary disposition of the homestead by the other spouse, in this case the time to exercise that power has by the terms of section 4472, expired and the will must stand.

The question discussed by Judge Mitchell is altogether too complicated and too important to be disposed of without thorough consideration in a case in which it must be disposed of.