E. A. HAWKINSON AND ANOTHER v. ANNA C. OLESON AND ANOTHER.[1]

June 7, 1918.

No. 20,848.

**Homestead — devise void without consent of spouse — children's right to statutory descent.**

1. Under R. L. 1905, § 3647, a testamentary disposition of the homestead in a will which makes no provision for the surviving spouse is void unless and until such surviving spouse consents thereto in writ-

1Reported in 168 N. W. 13.

ing. No provision being made for the surviving spouse, she was not put to her election under R. L. 1905, § 3649, and never lost the right to claim that the disposition was void. Upon her death before the probate of the will, the children of the testator have the right to insist that the homestead should descend as provided by the statute, unaffected by the will.

**Same — no estoppel against sons of testator.**

2. The contestants, sons of the testator, to whom he devised no interest in the homestead, are not estopped from claiming that the disposition thereof was invalid.

Charles O. Hokanson and Anna C. Oleson petitioned the probate court for Chisago county for the allowance of the last will and testament of Andrew Hokanson, deceased. P. M. Hawkinson and E. A. Hawkinson petitioned the court to assign to each of them an undivided one-fourth interest in and to the real estate as though deceased had died intestate. From the decree of descent of the probate court, the Hawkinsons appealed to the district court for that county. The appeal was heard before Nethaway, J., and after his death Searles, J., upon the evidence taken at the trial, found that upon the death of testator his widow inherited a life estate in the homestead and an undivided one-third interest in the real estate, and all his children inherited the residuary estate in the homestead and the children named in the will received the remaining two-thirds interest in the other real estate in accordance with the terms of the will. Contestees' motion to amend the findings was denied. From an order denying their motion for a new trial, C. O. Hokanson and A. C. Oleson appealed. Affirmed.

*Christian G. Dosland,* for appellants.

*Frank H. Castner,* for respondents.

BUNN, J.

In January, 1902, Andrew Hokanson, a resident of Chisago county, died leaving a will executed in November, 1901. The testator left surviving him a widow and 4 children. At the time the will was executed and at his death, the testator owned a 40-acre tract occupied by himself and his wife as a homestead, and 80 acres in addition. In his will he devised to his son Charles O. Hokanson the 80-acre tract and to his daughter

Anna C. Oleson the homestead. The will made no provision for the other children, and no provision for the testator's wife. It was not presented for probate until 1915, after her death. The widow occupied the homestead while she lived and had the use of the other tract. The will was admitted to probate in August, 1915, and a final decree entered, assigning the real estate according to the will. The two sons of the testator who were not mentioned in the will, E. A. Hawkinson and Peter M. Hawkinson, contestants in the probate court, appealed from this decree to the district court. The trial in that court resulted in a decision for the contestants insofar as the homestead is concerned. The appeal to this court is by the other son, Charles O. Hokanson, and the daughter, Anna C. Oleson, from an order denying a new trial.

The trial court held that the attempted disposition of the homestead was absolutely void, because the testator's spouse never consented thereto, and that the remainder, after the life estate of the widow, went to all 4 children in equal shares; that is, that the testator died intestate as to the homestead. The only question on this appeal is whether this conclusion is correct, or whether, as claimed by appellants, the homestead, the life estate of the widow having terminated, should go according to the will.

The solution depends upon the proper construction of R. L. 1905, § 3647 (G. S. 1913, § 7237). This section, as far as applicable to the facts here, is as follows:

"The homestead of such decedent shall descend, free from any testamentary or other disposition thereof to which the surviving spouse, if there be one, shall not have consented in writing * * * as follows:"

"2. If there be both a spouse and children, or issue of deceased children, surviving, then to such spouse for the term of his or her natural life, and remainder to such children and the issue of deceased children by right of representation."

As no provision whatever was made in the will for the surviving spouse. it was not a case where she was obliged to renounce the will within six months or be deemed to have elected to take thereunder. R. L. 1905, § 3649, has therefore no application. As the widow did not consent in writing to the disposition of the homestead, it is clear that she never lost her right to insist that the homestead should descend as provided in sub-

division 2, § 3647, to her for life and remainder to "such children." The claim of appellants is that the limitation of the statute on the power of disposition of the homestead was intended solely for the benefit and protection of the surviving spouse, and that, as she died without asserting her right, the children have no right to invoke the statute to defeat the disposition made by the will.

This contention is based upon the concurring opinion of Mr. Justice Mitchell in Jones v. Jones, 75 Minn. 53, 77 N. W. 551. Of course it cannot be claimed that this opinion is authority on the question. It is entitled to weight as being the view of a great jurist, but to nothing more. Jones v. Jones, supra, like Radl v. Radl, 72 Minn. 81, 75 N. W. 111, was a case where the will made provision for the surviving spouse in lieu of her statutory rights, and it was held, following Radl v. Radl, supra, that the failure to renounce within six months was an election to accept the provisions of the will, those relating to the homestead as well as the others. The argument of Justice Mitchell is worthy of careful consideration, as is the argument of counsel for appellants in the case at bar. It is true that the right to consent to the disposition of the homestead is given to the surviving spouse alone; the children "are given no voice in the matter," their interest being "wholly dependent upon the will of the surviving spouse." But it is not true in this case that they would lose this interest by the mere failure of the surviving spouse to make an election under section 3649. The argument is not quite so strong in a case where the written consent of the surviving spouse is required to defeat the interests of the children.

On the whole we do not feel prepared to adopt the view advanced by Justice Mitchell in the Jones case. The language of section 3647 is too clear. "The homestead * * * shall descend free from any testamentary or other disposition thereof to which the surviving spouse * * * shall not have consented in writing," "to such spouse for the term of * * * her natural life, and remainder to such children." The children certainly do have an interest, though it is not within their power to protect it. It seems a less forced construction of the statute to hold that a testamentary disposition of the homestead is void unless and until the surviving spouse consents to it in writing. The argument that such a disposition of the homestead is not void, because it may be con-

sented to by the surviving spouse after the death of the testator, and thereafter have validity, is not persuasive. The trouble is that the statute is not fairly susceptible of the construction counsel would place upon it. It says in effect that a testator dies intestate as to his homestead, if the surviving spouse does not consent to his disposition of it, that is, that it goes to such spouse for life, and at her death to the testator's children.

The surviving spouse in the case at bar, as stated before, was not put to her election under section 3649, and was not obliged to renounce the provisions of the will. It seems to us that the case is not different from what it would have been had the will made provision for the widow and had she renounced its provisions within the statutory time. There can be no question that in such a case all the children would share in the remainder after the termination in the-life estate. Schacht v. Schacht, 86 Minn. 91, 90 N. W. 127, is decisive on this, and it seems very clear from the language of the statute. The Schacht case is like the case at bar in the respect that the will gave the remainder of the homestead to one of several children of the testator, and it was held that, the widow having renounced the provisions of the will, the homestead descended to her and all of the children, unaffected by the will. There is a note on the rights of children in the homestead of a parent in 56 L.R.A. 33.

Counsel makes a point based upon the words "if there be one" in section 3647. He argues that these words do not refer to conditions existing at the death of the testator, but at any time thereafter until the final distribution of the estate. That is, the surviving spouse in this case having died "before the will was presented for probate," there was no longer a surviving spouse and the disposition was not invalid. This is plainly not sound.

It is contended that the contestants are estopped from questioning the validity of the will. This is because they took no steps to invalidate it for some 15 years after their father's death. There are two good answers to this: First, the evidence does not show that contestants knew the contents of the will; second, they were powerless to do anything while their mother lived. Jones v. Jones, supra.

The finding that the contestants were intentionally omitted from the will by the testator is not attacked, as contestants did not appeal. Ap-

pellants attack many of the findings of the trial court and its refusal to make amended findings as requested, but the material facts were all found, and there was no error as to the findings. The question is whether the conclusions of law are sustained by the facts found. We hold that they are.

Order affirmed.