## ADAM P. HENTGES v. MAYME HOYE AND OTHERS.[1]

March 14, 1924.

No. 23,836.

**Construction of bequest to testator's wife.**

> A husband, not a parent, made a bequest to his wife, who died 8 days after his decease without consenting to the testamentary disposition he made of his property or receiving any portion of the bequest and without electing to take under the statute instead of under the will. *Held* that the wife's administrator is entitled to the share in the husband's estate which she would have received under the statute.

In the matter of the estate of Thomas Hoye, deceased, Adam P. Hentges, as administrator of the estate of Barbara Katherine Hoye, deceased, and in behalf of her estate, filed in the probate court for Hennepin county her renunciation and refusal to accept the provisions of the will of her late husband, Thomas Hoye, deceased, and her election to take the share of said estate secured to his surviving spouse by statute. From an order of the probate court, Dahl, J., allowing the final account of Mayme Hoye, as administratrix with the will annexed of the estate of Thomas Hoye, deceased, and from the final decree of distribution in that estate, the administrator of Barbara appealed to the district court for Hennepin county, where the appeal was heard upon stipulated facts by Bardwell, J., who affirmed the order and final decree entered in the probate court.

From the judgment of the district court affirming the order of the probate court allowing the final account and affirming the final decree of distribution, Adam P. Hentges, as administrator of

[1] Reported in 197 N. W. 852.

said Barbara and in his individual right as her heir at law, appealed. Reversed.

*Stiles W. Burr* and *Horace H. Glenn,* for appellant.

*Wendell Hertig* and *James E. O'Brien,* for respondents.

LEES, C.

Thomas Hoye executed a will bequeathing his personal property to one of his sisters in trust for his wife, Barbara, she to receive the income from the property for life. He directed that the trust should terminate when his wife died and that thereupon the corpus of the estate should be distributed in equal shares among his next of kin named in the will. He died July 15, 1920, and was not survived by a child or the issue of a deceased child. He owned no real estate at the time of his death. His will was admitted to probate and a final decree of distribution entered. On July 23, 1920, his widow died intestate, without consenting to the will or electing to take under it instead of under the statute. Appellant is the administrator of her estate and respondents are the residuary legatees named in her husband's will. Appellant petitioned the probate court of Hennepin county for the assignment to him, in his representative capacity, of one-third of the residue of Mr. Hoye's estate. The petition was denied, and, on appeal, the district court affirmed the final decree of the probate court. The administrator has appealed from the judgment of the district court.

The appeal presents a single question: Has the heir or the personal representative of the widow of a man who died, leaving no children or issue of a deceased child surviving him, a right to claim the widow's statutory interest in the estate of her deceased husband, if she neither renounced nor refused to accept the provision for her benefit contained in her husband's will and died without having consented to his testamentary disposition of her statutory interest in his estate? The question is one of statutory construction and directly involves subdivision 6, § 7243. Sections 7237, 7238, 7239 and 7250, G. S. 1913, must also be considered insofar as they have a bearing on the point in controversy. These provisions of the statute have been troublesome to the bench and bar and have given rise to much litigation.

Prior to the enactment of chapter 334, p. 581, Laws 1903, a husband was free to dispose of his personal property by will, his wife, although she survived him, having no right or interest in the personal estate as against the will. Dunnell, Minn. Prob. Law 114. Chapter 334 limited the husband's power of testamentary disposition of personalty by requiring his wife's consent, the same as in the case of realty. Hayden v. Lamberton, 100 Minn. 384, 11 N. W. 278. An examination of the sections of the statute relating to the wife's interest in the husband's realty and his power to affect her right to receive it is therefore necessary.

This court has held that, by virtue of section 7238, G. S. 1913, the wife has an inchoate interest in her husband's land while both are living. It is not a vested interest, but an expectancy or possibility which becomes vested by operation of law at the death of the husband. She cannot be deprived of it without her consent by a grant or devise made by him. Dunnell, Minn. Prob. Law, 105, 106. Her rights attach to all lands of which he was seized or possessed at any time during coverture, and to the residue of the personal property he owned when he died. He is not required to keep one-third of his personal property intact for her, but may dispose of it as he sees fit, provided he does not do so in fraud of her marital rights. Smith v. Wold, 125 Minn. 190, 145 N. W. 1067. In this respect her interest in the personal property is less than in the real estate.

It is familiar law that the right to dispose of property by will is not a natural right; it is purely statutory, hence it may be abridged by the legislature. Minnesota L. & T. Co. v. Douglas, 135 Minn. 413, 426, 161 N. W. 158; 1 Schouler, Wills, § 15. In section 7250, G. S. 1913, we find a grant of power to dispose of property by will, and in sections 7237, 7238 and 7243, G. S. 1913, limitations upon the exercise of the power by a married man or woman who leaves a surviving spouse. It is with these limitations that we are here concerned.

Before dower was abolished, a widow to whom her husband devised land was not entitled to the land devised and to dower in his other lands, unless it appeared by the will that he intended

that she should have both. The statute now provides that no devise or bequest to a surviving spouse shall be treated as adding to the right or interest secured to such survivor by statute, unless it clearly appears from the will that such was the testator's intent. Section 7239, G. S. 1913. When it was not so intended, it is optional with the survivor to take under the will or under the statute. It is held that the widow's right to decide how she will take is personal and does not pass to her administrator or heirs. Nordquist v. Sahlbom, 114 Minn. 329, 131 N. W. 323. If her husband was a parent, she must elect how she will take within six months after his will was admitted to probate, and, unless within the prescribed period, she renounces and refuses to accept the provision made for her in the will, she is deemed to have elected to take thereunder. Section 7239, G. S. 1913. If he was not a parent, or if no provision for her was made by his will, section 7239 has no application. Hawkinson v. Oleson, 140 Minn. 298, 168 N. W. 13; In re Evans, 145 Minn. 252, 259, 177 N. W. 126, 8 A. L. R. 1631. Why the legislature has confined the statute to cases where the testator was a parent has never been satisfactorily explained.

Here, a childless testator has made provision for his wife, not intended as an addition to her statutory interest, and hence she was put to an election, not by reason of the statute, but because the facts require the application of the doctrine of election in equity. When she would be called upon to elect and the consequences of a failure to elect are questions of another nature. Mrs. Hoye died so soon after her husband that she did not have a reasonable opportunity to make an election. If she lost her right to her statutory interest in his estate, it was because she did not refuse to accept the provision made for her by his will. It all comes to this: By failing to dissent, is she deemed to have consented to her husband's will? Except as provided by section 7239, the statute says nothing about dissent. It speaks of consent in every section which refers to the husband's power of testamentary disposition. Consent may be given before or after the husband's death, Radl v. Radl, 72 Minn. 81, 75 N. W. 111, and if given before, it may be rescinded after his death if it was not fairly obtained. State v.

Probate Court of Hennepin County, 129 Minn. 442, 152 N. W. 845, L. R. A. 1915E, 815. But at some time it must be given to make effective a devise or bequest which cuts into a widow's property rights under the statute. Unless it has been given in writing, or by her conduct she has become estopped from claiming her statutory rights, she is entitled to receive what the law gives her.

In McGowan v. Baldwin, 46 Minn. 477, 49 N. W. 251, the devise was of "all I own." The court said these words should not be construed as including the wife's inchoate estate in her husband's lands, which it was beyond his power to dispose of. In Hayden v. Lamberton, supra [100 Minn. 386], it was said that the natural and reasonable effect of the statute is to make it unlawful for a childless spouse to dispose of all his personal property by will to the entire exclusion of the surviving spouse, and, in Hawkinson v. Oleson, supra [140 Minn. 298, syllabus], that "A testamentary disposition of the homestead * * * is void unless and until the surviving spouse consents to it in writing." [And on page 302] It (the statute) says in effect that a testator dies intestate as to his homestead, if the surviving spouse does not consent to his disposition of it."

The language of the statute is not substantially different when lands other than the homestead, or the residue of the personal estate, are mentioned. In State v. Probate Court of County of Hennepin, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436, speaking of a widow's liability for the payment of an inheritance tax upon her statutory interest in her husband's estate, the court [at page 244] said:

"It is true, a husband cannot dispose of the one-third of the personal property of which he dies possessed * * * nor can he by will * * * dispose of the one-third of the real estate of which, at any time during coverture, he stood seized."

These expressions suggest that the court was of the opinion that the power to dispose of property by will did not extend to the statutory interest therein of the surviving spouse of the testator. In the case last cited, one of the present counsel for respondents advanced

reasons, referred to in the opinion as "almost unanswerable," for a construction of the statute contrary in effect to that for which he now contends, and so the court has had the benefit of his able exposition of both sides of a vexed question. As we read the statute, the consent of the surviving spouse is necessary to give vitality to a bequest or devise of property which will affect his or her statutory interest therein. It was intended to secure equality between husband and wife as to their rights in each other's property and to protect each from the acts of the other. Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129.

In other states, under statutes similar to ours, it is held that, in the absence of evidence showing that the widow had accepted the provision made for her by her husband's will and had consented to surrender her statutory rights, she took under the statute and not under the will. O'Brien v. Knotts, 165 Ind. 308, 75 N. E. 594; Hodgkins v. Ashby, 56 Colo. 553, 139 Pac. 538; Egger v. Egger, 225 Mo. 116, 123 S. W. 928, 135 Am. St. 566. This is in line with what seems to have been the view of the court when Washburn v. Van Steenwyk, 32 Minn. 336, 20 N. W. 324, was decided nearly 40 years ago, and strengthens the conviction that our statute should receive a similar construction. Respondents suggest that this construction will lead to unfortunate consequences and illustrates by supposing such a case as this: A husband devises five-sixths of his estate to his wife and the remainder to his next of kin. She survives him and fails to consent to the will. Not having elected to take under it, neither she nor her heirs after her death can take more than one-third of the estate, and the generous purpose of the husband is thwarted. We doubt that such a result would follow in the case supposed. In equity the doctrine of election involves a choice between two inconsistent demands, the acceptance of a benefit under an instrument being regarded as a waiver of the right of the beneficiary to retain some property already his own which the instrument gives to another. Washburn v. Van Steenwyk, supra; 3 Story, Eq. Jur. § 1451; 1452; 1 Pomeroy, Eq. Jur. § 461. A will which does not dispose of a wife's statutory interest to someone else, but includes it with other property left to her, does not create a situa-

tion where a choice must be made between two inconsistent demands, and the case supposed lacks an essential element of the doctrine of election as equity defines it. Brown v. Brown, 42 Minn. 270, 44 N. W. 250; Sorenson v. Carey, 96 Minn. 202, 104 N. W. 958; Kelleher v. Kelleher, 140 Minn. 409, 168 N. W. 586.

We conclude that since Mrs. Hoye did not consent to the will and was not estopped from claiming her statutory rights, she was not deprived of them by the will, and that the appellant, as her personal representative, has succeeded to them.

The judgment is reversed and the case remanded for further proceedings in accordance herewith.