*In re* POVEY'S ESTATE.

POVEY *v.* POVEY.

1. WILLS—ELECTION BY WIDOW—DESCENT AND DISTRIBUTION.

Upon death of husband widow has right to elect to take under statutes of descent and distribution rather than under his will (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 13440, as amended by Act No. 79, Pub. Acts 1931; §§ 15564, 15726).

2. SAME—ELECTION BY WIDOW—TESTATOR'S INTENT.

The widow's election to take against the will defeats testator's intent in part and the court will endeavor to ascertain his primary intention and carry it into effect as far as it can be done with minimum disturbance of the general plan of the will (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 15564).

3. SAME—RENUNCIATION BY WIDOW—DESCENT AND DISTRIBUTION.

Upon renunciation of rights under testator's will, widow inherits a one-third interest in each and every parcel of real estate of which he died seized (3 Comp. Laws 1929, § 13440, as amended by Act No. 79, Pub. Acts 1931).

4. SAME—RENUNCIATION BY WIDOW—EQUITY.

While it is not possible to lay down a hard and fast rule of acceleration applicable under all circumstances to distribution of estates wherein widow has declined to take under the will, it is the duty of courts to accomplish as nearly as may be done equitably the same result between beneficiaries as would have resulted from distribution of the estate under the will (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 15564).

5. SAME—ELECTION BY WIDOW—SPECIFIC AND RESIDUARY LEGATEES.

Upon widow's election to take statutory share of estate of her husband, son who received specific devise of farm and personalty thereon may not claim devise to himself should be received intact and have widow's interest in his share taken from remainder on theory daughter is residuary legatee, where daughter had been left residuary subject to life interest

in widow (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 13440, as amended by Act No. 79, Pub. Acts 1931; §§ 15564, 15726).

6. SAME—ELECTION BY WIDOW—ACCELERATION—NONAPPLICATION.
While the doctrine of acceleration of the time of taking effect of the remainder upon the termination of the life estate by act other than death of life tenant, as by widow's election to take under the statute, must be recognized and applied in proper cases, such doctrine should not be applied where by the election a portion only of the legacies are diminished in order to make up the amount required by the statute to satisfy widow's statutory rights, whether legacy diminished be a specific or a residuary one (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 15564).

7. SAME—ELECTION BY WIDOW—ACCELERATION—APPLICATION.
The doctrine of acceleration should be applied in those cases wherein, by reason of the widow's election to take under the statute, the beneficial interests of all legatees or devisees are diminished, especially if diminished in substantially the same proportion (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 15564).

8. SAME—ELECTION BY WIDOW—DISAPPOINTED LEGATEES AND DEVISEES.
Upon election of widow to claim statutory share of husband's estate where son who had been specifically devised farm and personalty thereon and daughter balance of property subject to widow's life interest therein, son *held*, not entitled to have sum equal to one-third of his inheritance taken from daughter's share, notwithstanding her loss, because of widow's election, would be partially or wholly compensated by acceleration of possession of balance and thereby fail to approximate testator's intent since court is not vested with power to take portion of estate from one disappointed legatee or devisee and give to another, the loss to the son being a loss by operation of law for which he has no remedy (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 13440, as amended by Act No. 79, Pub. Acts 1931; §§ 15564, 15726).

9. SAME—ELECTION BY WIDOW—SPECIFIC DEVISE OF REALTY—STATUTES—CONCLUSIVE PRESUMPTION OF KNOWLEDGE ON PART OF TESTATOR.
Widow's statutory right to husband's real estate may not be defeated by his specific devise thereof, since it is conclusively

presumed testator when making his will had in mind her statutory rights and will was made subject thereto (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 13440, as amended by Act No. 79, Pub. Acts 1931).

10. SAME—ALTERNATIVE PROVISIONS—ELECTION BY WIDOW—DISTRIBUTION.

Failure of testator to make alternative provisions in his will as to his children in event widow should elect to take statutory interest *held*, not to avoid distribution in accordance with provisions of statute relative thereto (3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931; § 13440, as amended by Act No. 79, Pub. Acts 1931; §§ 15564, 15726).

Appeal from Ingham; Carr (Leland W.), J. Submitted April 3, 1935. (Docket No. 49, Calendar No. 38,338.) Decided May 17, 1935.

In the matter of the estate of Joseph E. Povey, deceased. On petition of Milo O. Povey for the allowance of his final account as executor. From order entered assigning interest to widow, Eunice I. Povey, and residuary estate to Hazel E. Povey, Milo O. Povey appealed to circuit court. Judgment for appellees. Milo O. Povey appeals. Affirmed.

*T. Rogers Lyons,* for appellant.

*C. F. & E. T. Hammond* (*Henry L. Schram,* of counsel), for appellees.

NORTH, J. The will of Joseph E. Povey, deceased, was admitted to probate in Ingham county. By his will he left to his son, Milo O. Povey, a farm and the personal property thereon. In the balance of his property, both real and personal, testator gave his widow a life estate with the remainder to his daughter, Hazel E. Povey. The widow elected not to take under the provisions of the will but in-

stead under the provisions of the statutes of descents and distributions. The widow's election not to take under the will has prevented disposition of the testator's estate in full accordance with the terms of his will; and has led to a controversy as to what portion of the property left by the testator should be used to satisfy the widow's statutory inheritance. The order of the probate court, from which there was an appeal to the circuit court, provided for the assignment to the widow pursuant to her election of an undivided one-third interest in all the real estate and in the residue of the personal estate of which the testator died seized. The order of the probate court was affirmed in the circuit court and is brought to us for review by the appeal of the son, Milo O. Povey.

Appellant does not question the widow's right to take under the provisions of the statutes. See 3 Comp. Laws 1929, § 13440, as amended by Act No. 79, Pub. Acts 1931; and 3 Comp. Laws 1929, § 15726. She may do this by reason of the statutes giving her a right of election. 3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931, § 15564. But appellant contends that by the terms of the will he is the recipient of a specific devise, that there is no other specific devise provided by the will, and therefore the widow's inheritance should be satisfied from that portion of the estate not left by the will to appellant. In this connection it is urged that the daugher, Hazel E. Povey, takes as a residuary devisee or legatee and that sufficient to satisfy the widow's claim should be taken from this residue of the estate. It is contended in appellant's brief that it is a general rule that a specific devise is preferred to a residuary one and if the estate is not sufficient

to pay a specific devise the same should be paid at the expense of the residuary legatee even though the residuary items are mentioned in detail in the will, citing *In re Kemp's Estate,* 169 Mich. 578 (Ann. Cas. 1913 D, 1042).

Appellees' contention is that the widow's election to take under the statute defeated the will as to her and, as stated in appellees' brief:

"Since then, there is no will as to the widow, she takes exactly the portion of the estate had there been intestacy. She takes under the statute of descents which, among other things, gives her a one-third interest of the fee in each and every separate and distinct parcel of land of which her husband died seized."

. It is a general rule applicable to cases of this type that:

"The election to take against the will defeats the intention of testator in part: and the court will endeavor to ascertain his primary intention and to carry it into effect as far as it can be done with the minimum disturbance of the general plan of the will." 2 Page on Wills (2d Ed.), § 1224.

See, also, *In re Schulz's Estate,* 113 Mich. 592.

Under the statute (3 Comp. Laws 1929, § 13440, as amended) the widow, having renounced her rights under the will, inherits a one-third interest in each and every parcel of land of which the testator died seized. Assigning to the widow her statutory inheritance will result in testator's children becoming so-called disappointed legatees or devisees. The amount that each child would have otherwise received under the terms of the father's will is thereby altered. The testamentary plan for distri-

bution of this estate is nullified in part. This brings into the instant case the more perplexing question as to whether possession of that portion of the estate going to the daughter shall be accelerated in consequence of the widow's having renounced her life estate therein.

It is not possible to lay down a hard and fast rule of acceleration applicable under all circumstances to the distribution of estates wherein the widow has declined to take under the will. But it may be said that it is the duty of courts to accomplish as near as may be done equitably the same result between the beneficiaries as would have resulted from distribution of the estate in accordance with the terms of the will. With this rule in mind, appellant's contention cannot be sustained that because he is the recipient of a so-called specific devise that he should receive the property devised to him intact, and sufficient to satisfy the widow's statutory interest in the estate should be taken from the remainder of the testator's property on the theory that the daughter is the residuary legatee.

In *Sellick* v. *Sellick*, 207 Mich. 194 (5 A. L. R. 1621), the opinion written by Mr. Justice Fellows so thoroughly reviews the decisions of both English and American courts relating to the doctrine of acceleration in cases wherein the widow renounces a life estate and takes her statutory rights, that it seems unnecessary to again review them at length herein. In part Justice Fellows sums up his review of the authorities as follows:

"While the doctrine of acceleration of the time of taking effect of the remainder upon the termination of the life estate by act other than the death of the life tenant (*i. e.*, by the election of the widow to take under the statute), must be recognized and applied

in proper cases, such doctrine should not be applied where by the election a portion only of the legacies are diminished in order to make up the amount required by the statute to satisfy the widow's statutory rights. And that this should be true whether the legacy diminished be a specific or a residuary one.''

We think the converse of Justice Fellow's conclusion is also sound in law and is applicable to the instant case. In other words, the doctrine of acceleration should be applied in those cases wherein, by reason of the widow's election, the beneficial interests of all legatees or devisees are diminished, especially if they are diminished in substantially the same proportion. In the instant case it is manifest that the respective interests of the testator's son and daughter are not affected exactly alike. This is true because the son, who is appealing, will lose a one-third interest of the inheritance of which the will provided he should become the absolute owner; while the daughter loses a one-third interest in an estate which the will gave to her subject to her mother's life estate. It is also true that the daughter's loss will be at least partially, and possibly wholly, compensated by the acceleration of her right of possession. But the court is not vested with power to take from one legatee or devisee a portion of the estate which he or she takes under the will when construed in the light of the law applicable thereto and out of such portion to reimburse another disappointed legatee or devisee. By so doing the court would not approximate a distribution of the testator's estate in compliance with the terms of his will.

''Where the widow, under section 12 of the dower act, renounces the provisions of the will and elects

to take one-half of the testator's real estate and personal property, devisees of specific tracts of land whose devises are reduced by such election cannot compel the general or residuary legatees to compensate them for the loss they have sustained." *Dunshee* v. *Dunshee* (syllabus), 263 Ill. 188 (104 N. E. 1100).

"The election of a widow to take dower and her distributive share in the estate of her deceased husband, whereby loss occurs to a devisee of a part of the estate, is a loss by operation of law, for which such devisee has no remedy." *Devecmon* v. *Kuykendall* (syllabus), 89 Md. 25 (42 Atl. 963).

See, also, *Gainer* v. *Gates,* 73 Iowa, 149 (34 N. W. 798).

Appellant also contends that no part of the property left to him by his father's will can be taken or used to satisfy the widow's statutory inheritance because the statute of descents makes any award to the widow of her one-third subject to testator's "not having lawfully devised the same." 3 Comp. Laws 1929, § 13440, as amended. In this connection appellant asserts that the portion of the estate which he claims was "lawfully devised" to him. To sustain appellant's contention would be to defeat the widow's right to make an election as provided by statute. 3 Comp. Laws 1929, § 13085, as amended by Act No. 242, Pub. Acts 1931. It is conclusively presumed that testator when he made his will had in mind the right of his widow to elect to take under the statute rather than under the will. *In re McLennan's Estate,* 179 Mich. 595. The provision in his will for appellant was made subject to the law giving the widow such right of election. This right of the widow cannot be barred by a provision in the testator's will. But it is obvious that the testator,

had he seen fit so to do, might have made alternative provisions in his will for either or both of his children in the event the widow elected to renounce her rights under the will.   There being no such provision in the will, distribution of this estate must be made in accordance with the provisions of the statute relative thereto.   It follows that the order and judgment of the circuit court must be affirmed, with costs to appellees.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.