IN RE ESTATE OF GEORGE EDWARD TAYLOR.
C. T. LENAHAN AND OTHERS v. LUTHER TAYLOR.[1]

December 24, 1942.

No. 33,325.

*Baudler & Baudler,* for appellants.
*Schmitt, Johnson & Farrish,* for respondent.

[1]Reported in 7 N. W. (2d) 320.

LORING, JUSTICE.

This is an appeal from a judgment of the district court amending and modifying the final decree of distribution of the probate court under the will of George Edward Taylor.

There were no children, and the will bequeathed to a brother, Moses S. Taylor, a resident of Iowa, a 200-acre farm located in Wisconsin; to another brother, Luther Taylor, a resident of Mankato, a farm and the personal property thereon located in Blue Earth county, Minnesota; to each of two sisters, one dollar; to his wife, Bridget, the homestead, stocks, bonds, and other personal property and estate, for the term of her natural life, with the income from this property and the power to encroach upon the principal "if necessary for her care and comfort," the remainder to go to George and Elizabeth Taylor in fee, the children of Moses S. Taylor.

The surviving spouse renounced the will and elected to take her statutory share. The probate court then assigned one-half of the personal property to the spouse, Bridget, dividing the other half between the children of Moses; the homestead to Bridget in fee; to Bridget an undivided half interest in the Blue Earth county farm; and the other half interest to the brother Luther. (There was no personal property on the Blue Earth county farm.)

Luther appealed to the district court, contending that he should be decreed the entire Blue Earth county farm specifically devised to him in the will, and that the surviving spouse's statutory share should be satisfied from other assets. The district court sustained this view and directed the probate court to amend its decree so as to give Luther the entire interest in this farm and to give Bridget money or other personal property in lieu thereof.

The principal question to be determined here is whether a surviving spouse who renounces a will and elects to take her statutory interest is entitled under the laws of descent to an undivided one-third (or one-half, as in this case, where there were no children) of all the real property of the decedent, even though he may have devised it to others, or whether her statutory share should

be satisfied out of the personal property, permitting the devises of realty to stand. The question is a new one in this state.

There is no inherent right to make a disposition of property by will. This right did not exist at common law previous to the English statute of 32 Hen. VIII, c. 1; 6 Dunnell, Dig. & Supp. § 10205. Whether a man can control disposition of his property after death is, subject to constitutional limitations, completely in the hands of the legislature. Minnesota L. & T. Co. v. Douglas, 135 Minn. 413, 426, 161 N. W. 158. Therefore, we must consider the language of the applicable statute. When a surviving spouse renounces the will, the usual laws of descent apply. Minn. St. 1941, § 525.16 (Mason St. 1940 Supp. § 8992-29), *Descent of Property,* reads in part as follows:

"(1) Personal property: To the surviving spouse one-third thereof free from any testamentary disposition thereof to which such survivor shall not have consented in writing or by election to take under the will as provided by law;

"(2) Real property: To the surviving spouse an undivided one-third of all real property of which the decedent at any time while married to such spouse was seized or possessed, to the disposition whereof by will or otherwise such survivor shall not have consented in writing or by election to take under the will as provided by law, * * *;

"(3) If a spouse and only one child or the issue of a deceased child survive, the share of the spouse under the provisions of clauses (1) and (2) hereof shall be one-half instead of one-third; * * *"

In re Estate of Pagel, 202 Minn. 96, 277 N. W. 417.

It seems clear that a distinction is here made by the legislature between personal property and realty. The statute evidently contemplates a division of the personal property, but the descent of an undivided share in the realty. Title to real property of a decedent passes by operation of law at once upon his death to those entitled to it, subject only to the claims of administration.

2 Dunnell, Dig. & Supp. § 2722, and cases cited. So that, upon election of the widow to renounce the will and take under the statute, title to an undivided half of the Blue Earth county farm passed to her. She was entitled to it notwithstanding the devise in the will. The law presumes that the testator made his will with knowledge of the widow's right to renounce. Gainer v. Gates, 73 Iowa 149, 152, 34 N. W. 798.

This court has discussed the question of a wife's interest in her husband's land in Hentges v. Hoye, 158 Minn. 402, 197 N. W. 852, where G. S. 1913, § 7238, was under consideration. This statute is not unlike Minn. St. 1941, § 525.16 (Mason St. 1940 Supp. § 8992-29), which is applicable here. There the court said (158 Minn. 404, 197 N. W. 152):

"Her rights attach to *all* lands of which he was seized or possessed at any time during coverture, and to the residue of the personal property he owned when he died * * * *In this respect her interest in the personal property is less than in the real estate.*" (Italics supplied.)

Respondent contends that this rule should no longer be applied and that in many instances it would, if applied, cause an inequitable result or be used solely as a weapon to defeat the intent of the testator. Whether this be true or not, it cannot affect the clear legislative intent as expressed in the statutes on descent. It is not for us to inquire into the reasons for this legislative distinction, but only as to its existence.

A situation similar to the case at bar arose in the Michigan case of In re Povey's Estate, 271 Mich. 627, 261 N. W. 98, 99 A. L. R. 1183. There the testator made specific devises to his son and gave the residue to his wife for life, with remainder to his daughter. The widow renounced, and the son claimed that his specific devise should be preferred to the residuary legatee and therefore that the widow's share should be taken entirely from the residue. It was held that the widow's one-third must be awarded as an undivided interest in every parcel of land, including that specifi-

cally devised to the son, as well as her statutory share of the personal property. This case further discussed the questions of sequestration of the gift renounced by the wife and the acceleration of the remainder, although it is doubtful whether these issues were presented to the court or were in fact necessary to the decision of the case. 14 Michigan State Bar Journal, 429. Respondent here advances in his brief, although it does not appear that either the probate or district courts considered the question, a similar question to that suggested in the Povey case, *viz.*, that the specific devisee should be compensated out of the residue when his interest is decreased by the widow's renunciation of the will. The Povey case (271 Mich. 633, 634, 261 N. W. 100, 99 A. L. R. 1183), cites on this question Dunshee v. Dunshee, 263 Ill. 188, 104 N. E. 1100:

"Where the widow, * * * renounces the provisions of the will and elects to take one-half of the testator's real estate and personal property, devisees of specific tracts of land whose devises are reduced by such election cannot compel the general or residuary legatees to compensate them for the loss they have sustained."

See also Gainer v. Gates, 73 Iowa 149, 34 N. W. 798. This question of compensation to the specific legatee out of the residue was not considered in the lower courts and, in our view of the case, is not before us.

Respondent's contention that the intent of the testator be carried out to the extent of providing for the surviving spouse's interest entirely out of the personal property cannot stand, in view of the clear legislative intent to the contrary. The widow has a right to an undivided one-half interest in the Blue Earth county farm.

Reversed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.